.Ramon ORTIZ and Wife, Viola
Ortiz, et al., Appellants,

v.

FORD MOTOR CREDIT COMPANY
and Doug McCool, Appellees.

No. 13–92–028–CV.

Court of Appeals of Texas,
Corpus Christi.

April 8, 1993.

Rehearing Overruled May 6, 1993.

74

Margaret E. Salem, Ken Dahlberg, Law Offices of Ken Dahlberg, Ronald W. Bradley, Wood & Burney, Corpus Christi, for appellants.

Tonya B. Webber, Porter, Rogers, Dahlman, Gordon & Lee, C.M. Henkel, III, Henkel, Hyden & Sanders, Corpus Christi, for appellees.

Before DORSEY, SEERDEN and FEDERICO G. HINOJOSA, Jr., JJ.

## OPINION

DORSEY, Justice.

Appellants complain of a take-nothing judgment rendered after a jury trial in this

personal injury action. The suit arose out of personal injuries allegedly sustained by Ramon Ortiz and his family members when Doug McCool, acting as an agent of Ford Motor Credit, repossessed a pick-up truck leased by Ortiz. By five points of error, appellants' complaints concern juror challenges, jury misconduct, sufficiency of the evidence, and the court's admission of certain evidence. The trial court's judgment is affirmed.

■ By point of error one, appellants maintain that the trial court erred by denying their challenges for cause of two potential jurors. Appellants allege that as a result, they were forced to use their peremptory challenges on those two individuals and were required to accept two objectionable jurors.

■ In order to preserve error when the trial court refuses to sustain a challenge for cause, the complaining party must notify the court of the error before it exercises its peremptory challenges. *Hallett v. Houston Northwest Medical Center*, 689 S.W.2d 888, 889–90 (Tex.1985); *Beavers v. Northrop Worldwide Aircraft Servs., Inc.*, 821 S.W.2d 669, 681 (Tex. App.—Amarillo 1991, writ denied). When a party delivers its list of peremptory challenges to the court, the party has exercised those challenges. *Beavers*, 821 S.W.2d at 681.

■ A party must inform the court that it will exhaust its peremptory challenges and be forced to accept particular objectionable jurors as a result of the court's ruling. *Hallett*, 689 S.W.2d at 890. A prior challenge for cause, standing alone, is insufficient to preserve error. *Hallett*, 689 S.W.2d at 890; *Beavers*, 821 S.W.2d at 681. The rationale behind the rule, as enunciated by the *Hallett* court, is that when the trial court is made aware that objectionable jurors will be chosen, "[o]nce informed, the court is able to determine if the party was in fact forced to take objectionable jurors." *Hallett*, 689 S.W.2d at 890.

The record in this case reflects that the parties presented to the court their challenges for cause, after which the court ordered a recess until the next morning. The parties were to determine their peremptory challenges and present a list to the court the next day. Appellants' list of peremptory challenges is followed by the notation, "14, 26 should have been struck. We would have stricken 11, 22, 25 & 33."

When the trial reconvened, the jury had been selected. Before the jury was called into the courtroom, appellants stated to the court:

Your Honor, we respectfully have already objected to two challenges for cause, that was 14 and 26. And the Court denied our request to have them exempted for cause. We would have stricken 22 and 25 ... had we had the additional two strikes to exercise peremptorily and so we just wanted the record to indicate that we have been denied the opportunity of striking these two additional panel members as a result of the Court's ruling on the two that we objected to, and the Court overruled our objections to the challenge for cause.

Other unrelated matters then occurred and the jury that had apparently been selected was brought into the courtroom and sworn. The trial then began.

Appellants' announcement came too late to preserve error as it was made after appellant had exercised his peremptory challenges. The written notation on appellants' peremptory challenges similarly failed to preserve error. Nothing in the record reflects that the trial court was either made aware of the notations or informed of any alleged error before the jury was selected. Prior to the selection of the jury, the court must have the opportunity to determine if in fact a party was forced to take objectional jurors. Point of error one is overruled.

■ By point of error two, appellants complain that the trial court erred by denying their motion for new trial, which was grounded in part upon jury misconduct. Appellants complain that agents of Ford Motor Credit made oral statements in front of the jurors that ultimately resulted in the rendition of an improper verdict. In sup-

port of this contention, the Ortizes presented the affidavits of several outside observers, as well as the court's bailiff. All four affiants swore that "shadow jurors," hired by Ford Motor Credit, made statements in front of jurors to the effect that they "could not believe that these people were asking for $50 million when the man wasn't even hurt."

At the hearing on the motion for new trial, appellants submitted the affidavits that had accompanied their motion. None of the affidavits were from jurors. Appellees offered certain evidence including affidavits of four jurors stating that they had not heard such comments and no other jurors had mentioned them. The trial court denied the motion for new trial.

■ Whether jury misconduct has occurred is a question of fact to be determined by the trial court; absent an abuse of discretion, we will not overturn the court's ruling. TEX.R.CIV.P. 327; *Texas Gen. Indem. Co. v. Watson*, 656 S.W.2d 612, 615 (Tex.App.—Fort Worth 1983, writ ref'd n.r.e.); *McAllen Coca Cola Bottling Co., Inc. v. Alvarez*, 581 S.W.2d 201, 204 (Tex.Civ.App.—Corpus Christi 1979, no writ). The movant for new trial must prove that: 1) misconduct occurred, 2) the misconduct was material, and 3) based on the record as a whole, the misconduct probably resulted in harm to the movant. *Redinger v. Living, Inc.*, 689 S.W.2d 415, 419 (Tex.1985); *Perry v. Safeco Ins. Co.*, 821 S.W.2d 279, 280 (Tex.App.—Houston [1st Dist.] 1991, writ denied); *Snyder v. Byrne*, 770 S.W.2d 65, 68 (Tex.App.—Corpus Christi 1989, no writ).

The evidence was disputed whether any jurors heard the comments complained of, and there was no evidence that the jury was influenced by them. The trial court did not abuse its discretion in overruling the motion for new trial. Point of error two is overruled.

■ By point three, the Ortizes maintain that the trial court erred by denying their motion for new trial in that one of the jury's findings was against the great weight and preponderance of the evidence. A central and vigorously contested issue

concerned whether McCool acted negligently when he sought to repossess the vehicle. The jury found that he did not.

■ We examine the entire record to determine whether the jury's finding is so against the weight of the evidence as to be manifestly unjust. *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex.1986); *Dyson v. Olin Corp.*, 692 S.W.2d 456, 458 (Tex. 1985). When reviewing great weight points complaining of the jury's failure to find a fact, we must keep in mind that the jury was not convinced by a preponderance of the evidence. *Herbert v. Herbert*, 754 S.W.2d 141, 144 (Tex.1988); W. Wendall Hall, *Standards of Appellate Review in Civil Appeals*, 21 St. Mary's Law J. 865, 910 (1990). We will not reverse unless the great weight of the evidence supports an affirmative answer. *Cropper v. Caterpillar Tractor Co.*, 754 S.W.2d 646, 651 (Tex. 1988); *Herbert*, 754 S.W.2d at 144; *Hipp v. J.D. Lowrie Well Serv., Inc.*, 800 S.W.2d 668, 670 (Tex.App.—Corpus Christi 1990, writ denied).

■ The jury is the sole trier of fact and judge of the witnesses' credibility and weight to be given their testimony. *Times Herald Printing Co. v. A.H. Belo Corp.*, 820 S.W.2d 206, 213 (Tex.App.—Houston [14th Dist.] 1991, no writ); *Harvey v. Stanley*, 803 S.W.2d 721, 724 (Tex.App.—Fort Worth 1990, writ denied); *Houston v. Goings*, 795 S.W.2d 829, 833 (Tex.App.—Houston [14th Dist.] 1990, writ denied). In that respect, the jury may choose to accept one party's version of the facts over that of another. When determining the sufficiency of the evidence to support the jury's findings, the appellate court accepts, and will not interfere with, the jury's resolution of conflicts or inconsistencies in the evidence. *Pool*, 715 S.W.2d at 635.

Ramon Ortiz presented evidence at trial that on January 7, 1987, he had been experiencing problems with the brakes on a pick-up truck he had leased from Ford Motor Credit. That day, McCool, accompanied by a supervisor, arrived at Ortiz's place of business to either collect on Ortiz's delinquent lease account or repossess the pick-

up. Ortiz contended that although McCool was aware of the faulty brakes on the truck, he got into the vehicle with the intention of driving it back to Ford.

Ortiz and his witnesses maintained that he tried to speak with McCool as McCool backed the truck out. McCool then suddenly and unexpectedly shifted the truck into drive and lurched forward, dragging Ortiz some 90 feet across the parking lot as he held onto the grill of the truck. As a result, Ortiz sustained serious and permanent injuries.

Ford Motor Credit and McCool introduced conflicting evidence through the testimony of McCool and his supervisor. These witnesses testified that McCool did not hit Ortiz with the truck. According to both, Ortiz ran out of his building and purposefully threw himself onto the hood of the pick-up in an effort to divert McCool. When McCool stopped the truck, Ortiz got down from the hood and tried to pull McCool out of the vehicle.

The jury, exercising its power to weigh the credibility of the witnesses, chose to accept McCool's version of the facts over that of Ortiz. We will not overturn that finding. As such, the jury's finding that McCool was not negligent when repossessing the truck is not so against the great weight and preponderance of the evidence as to be manifestly unjust. Point of error three is overruled.

By point four, appellants contend that the trial court erred by allowing an attorney who dealt with Ortiz in legal matters both before and after this incident to testify. The attorney discovered, during the pendency of the lawsuits, that Ortiz's financial status and well-being had greatly improved since the incident in question and that his business had prospered as well.

Ortiz had previously attempted to show the jury that as a result of McCool's negligence, he sustained permanent debilitating head injuries and was rendered mentally deficient. Ford Motor Credit and McCool presented the attorney's testimony for purposes of rebutting Ortiz's contention that his mental condition had been severely affected by the incident.

The attorney preliminarily testified that he had represented two companies in lawsuits against Ortiz. Ortiz's lawyer objected to any further testimony, stating that the evidence would be cumulative, as 36 exhibits regarding those lawsuits had been introduced into evidence, "and to expound and pontificate on those would be irrelevant and cumulative." The trial court overruled the objection. The attorney/witness then discussed a default judgment taken against Ortiz in one of the suits, as well as the difficulty he had when attempting to collect on that judgment. Appellant maintains that this evidence was highly prejudicial and caused the rendition of an improper verdict. *See* TEX.R.APP.P. 81(b)(1).

During the beginning stages of the trial, Viola Ortiz was asked, during cross examination, how many times her husband's companies had been sued. Mrs. Ortiz responded that she did not know. Counsel for Ford Motor Credit then admitted into evidence, without objection, 26 judgments from lawsuits filed against the Ortizes and their various companies as of 1988. The substantive nature of the suits was not discussed, however.

When the attorney testified later in the lawsuit, he discussed only two of the actions filed against Ortiz, those in which he represented the complaining party. He discussed his knowledge, as a result of working on those suits, of the Ortizes' financial well-being before and after the incident at issue here, as well as other substantive matters regarding the two actions. This evidence was not cumulative.

With regard to any discussion of default judgments or difficulties with collection, our review of the record shows that appellants failed to preserve error for our review. A party is required to object to complained-of evidence, move for an instruction to disregard, and then move for a mistrial. One must continue with his motions until he receives an adverse ruling from the court. Appellants lodged few objections during the attorney's testimony, all of which were sustained, but all of which

were based upon hearsay, leading the witness, and responsiveness. They were not followed with motions for instructions to disregard. Appellants have failed to present error for our review on these matters. Point of error four is overruled.

■ By point five, appellants contend that the court improperly admitted self-serving evidence in the form of two favorable job performance reviews evaluating McCool's collection procedures. These were generated after the incident in question.

During his case in chief, Ortiz called McCool as an adverse party witness. Ortiz led McCool through the events of the day in question, impeaching him periodically with his own deposition testimony and with the trial testimony of his supervisor. Ortiz repeatedly called McCool's credibility, and his character for truth and honesty, into question.

As a result, McCool's attorney offered two subsequent performance reports to show that McCool was a good employee, in an effort to support his credibility. The reports did not, however, contain any evidence of McCool's character for truth and veracity but rather concentrated solely on his work performance. The reports constituted improper bolstering of McCool's credibility. Nevertheless, we do not find their introduction reversible error.

■ A judgment will not be reversed unless we find that the error complained of amounted to such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment. TEX. R.APP.P. 81(b)(1). When evidence has been improperly admitted, the reviewing court must examine the entire record to determine whether the judgment was controlled by the testimony that should have been excluded. *Jamail v. Anchor Mortgage Servs., Inc.,* 809 S.W.2d 221, 223 (Tex. 1991); *Mancorp, Inc. v. Culpepper,* 802 S.W.2d 226, 230 (Tex.1990).

The crux of this case was whether McCool dragged Ortiz with the pick-up truck or whether Ortiz leapt upon its hood of his own accord. Thus, the central issue was whose rendition of the facts was more credible. For the twelve days of this trial, the jury heard conflicting stories about the events that happened that day, and each party attempted to impeach the credibility of the other's story with an onslaught of witnesses and evidence.

The two performance reports of which appellant complains were discussed only very briefly with McCool at trial. Moreover, they were created by one defendant, Ford Motor Credit, on behalf of its agent and co-defendant, McCool, after the incident occurred. The jury was free to take this into consideration when weighing the credibility of the reports. We do not find that the brief discussion regarding the performance reports caused the jury to render a verdict they would not have otherwise rendered or that the judgment was controlled by that testimony. Point of error five is overruled.

The trial court's judgment is AFFIRMED.