Paul BROWN and Delpha Brown; Clark Cooper and Eleanor Cooper; E.L. James and Ella James; Margie L. Lewis (Individually and as Representative of the Estate of Theddie Ray Lewis), Margie Ray Wright, Jamie Duke Briggs, Roger Dale Lewis, and Larry Gene Lewis (the Survivors of Theddie Ray Lewis); James McWright and Toledo McWright; Peter Noto and Marie Noto; Mitchell Oliva and Ophelia Oliva; Alex Pribilske and Laura Pribilske; Walter Reddhouse; Paul Sehorne and Opal Sehorne; and Glenn Ulsrud, Appellants,

v.

PITTSBURGH CORNING CORPORATION,
Appellee.

No. 14–94–00124–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 24, 1995.

Rehearing Overruled Oct. 26, 1995.

Richard N. Countiss, Houston, for appellants.

David L. Tolin, Michael Rose, Lyn Stevens, Houston, for appellee.

Before ANDERSON, HUDSON and SEARS *, JJ.

## MAJORITY OPINION

ANDERSON, Justice.

This is an asbestos case. Appellants, collectively referred to as the "Workers," filed suit against Pittsburgh Corning Corporation to recover damages for personal injury and death caused by exposure to asbestos products manufactured by the corporation. A jury failed to find the company's products were defective or that the company was negligent. Consistent with that verdict, the trial court entered a take-nothing judgment. The Workers bring one point of error. They contend that jury panelist Charles Lee Young, whom they challenged for cause, was disqualified as a matter of law from serving on the jury, and that the trial court committed error by overruling their challenge to panelist Young. They further contend that error forced them to exercise a peremptory challenge on Young, which prevented them from striking one of two other jurors who were objectionable to the Workers, and those two jurors were seated on the panel. Pittsburgh Corning contends the Workers failed to properly preserve error on the disqualification issue in accordance with *Hallett v. Houston Northwest Medical Ctr.*, 689 S.W.2d 888, 890 (Tex.1985), thus waiving error by the trial court in overruling the challenge to panelist Young. We agree, and affirm the judgment of the trial court.

In order to preserve error where the trial court overrules a challenge for cause to a prospective juror, a party must give notice to the trial court of two things *prior* to exercising any peremptory challenges: (1) the party must inform the trial court that it will exhaust all peremptory challenges; and (2), the party must inform the trial court that after exercising all its peremptory challenges, specific objectionable jurors will remain on the jury list.[1] *Hallett*, 689 S.W.2d at 890. The Texas Supreme Court specifically stated "[a] complaining party waives any error by not timely bringing such error to the attention of the trial court prior to making his peremptory challenges." *Id.* at 890. Three recent courts of appeals have held that a party exercises its peremptory challenges when it delivers the list of challenges to the court. *Ortiz v. Ford Motor Credit Co.*, 859 S.W.2d 73, 75 (Tex.App.—Corpus Christi 1993, writ denied); *Lopez v. Southern Pacific Transp. Co.*, 847 S.W.2d 330, 333 (Tex.App.—El Paso 1993, no writ); *Beavers v. Northrop Worldwide Aircraft*, 821 S.W.2d 669, 681

---

* The Honorable Ross A. Sears sitting by assignment.

1. The notification required by *Hallett* has been simplified as follows: a party must show that because it has used its peremptory challenges on jurors A and B who should have been struck for cause, the peremptory challenges used on jurors A and B are no longer available to strike jurors Y and Z whom the party wanted to strike and would have been able to strike had the court properly struck jurors A and B for cause. *Sullemon v. U.S. Fidelity and Guar. Co.*, 734 S.W.2d

10, 13 (Tex.App.—Dallas 1987, no writ). While this rule is simple to state, it is strictly applied on appeal. In *White v. Dennison*, 752 S.W.2d 714, 719 (Tex.App.—Dallas 1988, writ denied) the appellant failed to advise the trial court of specific objectionable jurors who would remain on the jury list after he exercised his peremptory challenges. Because White notified the trial court of only one of the two things required by *Hallett* to preserve trial court error, the court held White waived any error by the trial court in its refusal to discharge the challenged juror.

(Tex.App.—Amarillo 1991, writ denied). The entire focus of an analysis of an asserted trial court error on appeal regarding the overruling of a challenge for cause to a prospective juror is the timing of appellant's delivery of the *Hallett* notice to the trial court versus the exercise of appellant's peremptory challenges.

■ Whether the Workers gave the trial court the *Hallett* notice regarding prospective juror Young *before* exercising their peremptory strike is intensely debated by the parties in this cause. The record shows the following events transpired at trial:

[Counsel has just finished questioning the final prospective juror.]

THE COURT: Sir, would you step outside and come back in with the rest of the jurors when I call everyone back in?

A PROSPECTIVE JUROR: Sure, your honor.

THE COURT: Thank you. And, Deputy Martel, if you'd tell the jurors that we're running about fifteen minutes behind.

DEPUTY MARTEL: Yes, sir.

THE COURT: Off the—do you have anything?

MR. WILLIAMS [COUNSEL FOR PLAINTIFFS/APPELLANTS]: No motion, Judge.

THE COURT: In that case, off the record.

(Whereupon, a brief recess was taken after which the following proceedings were had out of the presence and hearing of the venire panel.)

MR. WILLIAMS: Judge, on behalf of all the Plaintiffs, I need to point out that because of the Court's failure to grant our Motion to Excuse for Cause juror number eight, Mr. Duessel and juror number 17, Mr. Young, that we were forced then to take two objections of both jurors, being juror we had to use our preemptory [sic] strikes on number eight and 17, and were not then allowed preemptory [sic] strikes to use on juror number nine, Mr. Paternuster, who is objectionable because he's an IRS agent which we find those people are objectionable because of their views towards damages. And also we were prevented from striking juror number 31, Mr.

Schorre, S-c-h-o-r-r-e. Mr. Schorre is objectionable because he works for a large corporation, Tenneco, and because he's a Lutheran, which affects the views toward damages and because of Mr.—because working for large corporations, he has more visibility or more in common with the large corporation than he would with our working Plaintiffs. Thank you, your honor.

THE COURT: All right. With due respect, I'm sorry—

MR. TOLIN [DEFENSE COUNSEL]: Excuse me, Your Honor, my notes reflect that the requests to have number eight examined before the Court were withdrawn and that Mr. Williams did not register a Motion to Strike for Cause as to juror number eight. And if I'm correct about that, then I except to any record made on the basis of number eight.

MR. WILLIAMS: You may be right.

THE COURT: You are correct. He did withdraw the request and didn't call Mr. Duessel up as for challenge for cause. With due respect, the motions—your motion, as I understand it, is denied. *I do have a problem though. You marked somewhere between 36 and 37 as your persons. You're objecting to 36 or 37.*

MR. WILLIAMS: *No, your Honor. That is—I've marked that as—that's the end of where we were going.*

THE COURT: I just wanted to make sure I knew how to count.

MR. WILLIAMS: *My six are written at the bottom. I think I did six strikes.*

THE COURT: Thank you very much.

[At this point, the court took care of another motion. That discussion is omitted.]

THE COURT: Off the record for just a moment.

(Whereupon, a discussion was held off the record and the following proceedings were had in the presence and hearing of the venire panel.)

THE COURT: Counsel, please be seated. Before we go on the record.

(Whereupon, a discussion was held off the record.)

THE COURT: Now, ladies and gentlemen ... [the court goes on to talk to the jury about how some will be selected and some will not; the jury list is then read and the jurors selected.]

The Workers' contend it is obvious from the above recitation counsel was holding and reading from his list when he informed the trial court of the objectionable jurors and the strikes he had to use. He called the various jurors by name and list number. The Workers suggest this is not information he would have memorized, and thus it is a reasonable inference from the record that he was reading from his strike list.

Pittsburgh Corning responds by arguing the italicized text portions above indicate the plaintiff's list of peremptory challenges had been delivered to the court prior to any attempt to preserve error. They suggest the more compelling inference is counsel was referring to his notes at the time, because the trial judge could not have asked about markings on the strike list if the list had not been tendered to the court. Moreover, Pittsburgh Corning contends Mr. Williams would not have responded, "I think I did six strikes," if he were holding the list. They posit the only permissible inference is the plaintiff's strike list was tendered during or immediately following the brief recess taken by the trial court at the conclusion of the voir dire examination. However, the record plainly states, "... a brief recess was taken after which the following proceedings were had out of the presence and hearing of the venire panel." It does not say the peremptory strike lists were tendered at that time.

It would be inappropriate for this court to draw inferences from the record as to when the peremptory strike lists were tendered to the trial court. The exact moment is not pinpointed in the record. TEX.R.APP.P. 50(d) places the burden on the appellant, or other party seeking review, to see that a sufficient record is presented to show error requiring reversal.

In *Beavers*, the Amarillo Court of Appeals, in an opinion by Judge Boyd, determined that the record demonstrated appellants had exercised their strikes prior to attempting to preserve error regarding the court's overrul-ing of two challenges for cause, which sequence fails the *Hallett* test. Thus, the court held that, under Rule 50(d), no error was preserved for appellate review. However, especially persuasive for our decision is the court's alternative determination in *Beavers* that "Even if the record could not be construed to indicate *when* the list was delivered, no error has been preserved." (emphasis added). 821 S.W.2d at 681. That is precisely the situation in the case *sub judice.*

Similarly, in *Born v. Virginia City Dance Hall & Saloon,* 857 S.W.2d 951, 955 (Tex.App.—Houston [14th Dist.] 1993, writ denied), this court applied Rule 50(d) and held that because appellants had failed to bring forward a record demonstrating where appellants advised the trial court that its refusal to strike disqualified jurors forced appellants to take objectionable jurors after using all of their peremptory challenges, appellants failed to preserve the complaint for appeal.

We read *Beavers* and *Born* as clear guides for our decision. Under Rule 50(d), when the record on appeal does not reveal that the *Hallett* notice was timely given, nothing is preserved for review. A party cannot wait until the trial is finished, then seek to reverse an unfavorable verdict by complaining of an error which the trial court could have corrected had it been timely informed of the error. *Hallett,* 689 S.W.2d at 890. In order to preserve error a timely, specific objection must be made. TEX.R.APP.P. 52(a). A "timely" objection is one interposed at a point in the proceedings which gives the trial court the opportunity to cure any alleged error. *Beall v. Ditmore,* 867 S.W.2d 791, 795 (Tex.App.—El Paso 1993, writ denied). That point in time cannot be definitively determined from the record before this court.

We overrule appellant's single point of error and affirm the judgment of the trial court.

SEARS, J., will issue a dissent at a later date.

HUDSON, Justice, concurring.

The sole issue in this case concerns the propriety of the trial court's ruling on a

challenge for cause lodged against venireman Charles Young. Believing that appellant's counsel has preserved the issue for review, I concur in the result only.

The supreme court has held that to preserve error arising from a trial court's denial of a challenge for cause, counsel must advise the trial court, prior to exercising his peremptory challenges, that he will 1) exhaust his peremptory challenges in the attempted exclusion of objectionable veniremen, and 2) he must then identify objectionable veniremen who will remain on the panel for want of additional peremptory challenges. *Hallett v. Houston Northwest Medical Center,* 689 S.W.2d 888, 890 (Tex.1985).

The majority concludes appellants' counsel "exercised" his peremptory challenges when he physically passed his strike list to the court. The majority further reasons that we cannot discern from the record before us whether counsel's announcement was timely because we cannot precisely fix the time when the strike list was tendered to the court. Adopting rationale recited by the Seventh Court of Appeals, the majority concludes appellants' counsel has failed to meet his burden of presenting a sufficient record to establish reversible error. *See Beavers v. Northrop Worldwide Aircraft,* 821 S.W.2d 669 (Tex.App.—Amarillo 1991, writ denied). I do not believe the supreme court intended such a hypertechnical interpretation of its holding in *Hallett.*

Counsel advised the trial court he had exhausted his peremptory challenges, and he identified two objectionable veniremen. This action was contemporaneous with counsel's submission of the strike list. His announcement was made either moments before or moments after he physically tendered his strike list to the court. Unlike the scenario presented in *Hallett,* appellants' counsel identified the objectionable veniremen *before* the jury was selected. The venire panel was still assembled in the courtroom. No jurors had been seated; no names of jurors had been announced. If the trial judge perceived any error in his denial of appellants' challenge for cause, he still had ample opportunity to rectify the mistake. I believe appellants' counsel preserved the issue for review.

Notwithstanding these observations, I would affirm the judgment of the trial court. After examining the answers given by Mr. Young, I can find no bias or prejudice sufficient to disqualify him as a matter of law. For these reasons, I concur.