# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-22-00311-CV

**The Bank of San Antonio and Texas Express Funding, LLC, Appellants**

**v.**

**Dewey Bryant and Paul Weaver, Appellees**

### FROM THE 274TH DISTRICT COURT OF COMAL COUNTY
### NO. C2022-1752C, THE HONORABLE DIB WALDRIP, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellants The Bank of San Antonio (BOSA) and Texas Express Funding, LLC (TEF) appeal from the district court's order granting summary judgment in favor of appellees Dewey Bryant and Paul Weaver. In two issues on appeal, appellants assert that the district court erred in granting summary judgment and abused its discretion in sustaining appellees' objections to their summary-judgment evidence. We will affirm the district court's order.

## BACKGROUND

The parties to this appeal are in the business of factoring, i.e., the "process by which a business sells to another business, at a small discount, its right to collect money before the money is paid." *Houston Lighting & Power Co. v. City of Wharton*, 101 S.W.3d 633, 636 (Tex. App.—Houston [1st Dist.] 2003, pet. denied). According to the summary-judgment evidence admitted in the court below, representatives of BOSA met with Wayne Schroeder in June 2019 to discuss the formation of a new factoring company, TEF, that would be a wholly

owned subsidiary of BOSA. At the time of their meeting, Schroeder was an employee of another company in the business of factoring, Southwest Bank Factoring, LLC (Southwest Factoring). Appellees Bryant and Weaver were corporate officers in Southwest Factoring and its parent company, Southwest Bank.[1] In an affidavit attached to appellees' motion for summary judgment, Bryant averred:

> On or about July 2, 2019, Schroeder informed me that he had found "new investors" to form a new factoring company, and that certain of Southwest Factoring's customers with whom he had a personal relationship had already decided to become customers of the new entity. On that date, Schroeder proposed that the new entity he represented would payoff and acquire the accounts of Southwest Factoring's customers, and requested a release from his Employment Agreement with Southwest Factoring. Prior to that discussion, I had no discussions with Schroeder about his forming a new company or seeking investors to purchase any receivables from Southwest Factoring.

Bryant continued,

> After our initial conversation where the terms of the payoff and transfer of accounts were proposed by Schroeder, Schroeder effectively stopped all work on behalf of Southwest Factoring, and began representing the newly formed entity, Texas Express Funding, LLC ("TEF") in the payoff and transfer of the accounts of the Factored Clients.

Weaver, who also attended the July 2 meeting with Bryant and Schroeder, made similar statements in his summary-judgment affidavit.

On July 9, 2019, appellants filed with the Texas Secretary of State a Certificate of Formation for TEF that named Schroeder as a manager of TEF. The following day, Schroeder

---

[1] Bryant was the President of Southwest Factoring and the CEO of Southwest Bank; Weaver was the Vice-President of Southwest Factoring and the Odessa Market President and Chief Lending Officer of Southwest Bank.

accepted an employment offer from BOSA, effective August 1, 2019, or "as soon as possible," and began working on the payoff and transfer to TEF of accounts and loans owed to Southwest Factoring for several Southwest Factoring clients. On July 31, 2019, Schroeder executed an agreement with Southwest Factoring releasing Schroeder from his employment with Southwest Factoring and providing for TEF's purchase of several Southwest Factoring client accounts, pursuant to the further execution of separate buyout agreements for each client account that was being transferred to TEF.

Approximately one year later, appellants sued Schroeder, Southwest Factoring, Southwest Bank, Bryant and Weaver individually, and others for fraud. According to the allegations in appellants' third amended petition, "the overwhelming majority of all of the client invoices they purchased were either fraudulently prepared, hopelessly aged and uncollectable," or "worthless," resulting in over thirteen million dollars in damages to appellants. More specifically, appellants alleged that Schroeder made significant misrepresentations and omissions regarding the value of the transferred accounts and that TEF was fraudulently induced by those misrepresentations to enter into the July 31, 2019 purchase agreement and the corresponding buyout agreements, "whereby Plaintiff []BOSA paid millions of dollars (in anticipation of TEF receiving regulatory approval) to unwittingly assume loans and to purchase the accounts receivable and underlying invoices of seven (7) various businesses from Defendants Southwest Bank Factoring, LLC and/or Southwest Bank." Appellants further alleged that "[h]ad the Defendants disclosed the truth about what Plaintiffs were induced to purchase, Plaintiffs would have never agreed to go forward, and none of these damages would have ever been incurred." BOSA's claims against Bryant and Weaver individually were for fraudulent concealment, i.e.,

fraud by nondisclosure, and vicarious liability for the tortious acts of Schroeder, under the doctrine of respondeat superior.

Appellees filed a traditional motion for summary judgment arguing, among other grounds, that appellants' claims for vicarious liability should be dismissed because Schroeder was never an employee or agent of appellees individually, and that appellants had not pled and could not establish that appellees owed them any "duty of disclosure," an essential element of their "fraudulent concealment" claim. They attached evidence to their motion, including the affidavits of appellees mentioned above. Appellants filed a response to the motion with attached evidence. Appellees filed numerous written objections to this evidence. Following a hearing, the district court sustained many of appellees' evidentiary objections, granted their motion for summary judgment in its entirety, and ordered that appellants take nothing by way of their causes of action for fraud and under the doctrine of respondeat superior as against either appellee. The district court also ordered that all claims and causes of action against appellees be severed into a separate cause, making the summary judgment in their favor final and appealable.

Appellants filed a joint motion for new trial. In addition to challenging the merits of the district court's summary-judgment ruling, appellants also argued, for the first time, that their summary-judgment evidence that had been excluded was admissible. The district court overruled the motion by written order and explained in its order that it would not consider appellants' arguments regarding the admissibility of the evidence because those arguments had not been raised at any time before the court's ruling:

> Before the date of the [summary-judgment] hearing, counsel for Bryant and Weaver filed a substantial number of objections to the equally substantial volume of evidence sought by Plaintiffs (Bank of San Antonio and Texas Express

4

Funding, LLC) to be admitted into the summary judgment record. From the Court's recollection, Counsel for the Plaintiffs, when given the opportunity on the record to respond to those objections, did not do so; rather, Plaintiffs' counsel acceded, at the very least, to simply allow the Court to review the specific objections to certain proffered exhibits and to rule thereon. At no time did Plaintiffs' counsel refer the Court generally to any source of information nor specifically to any exhibit in support of the admission of the Bank of San Antonio's/Texas Express Funding, LLC's summary judgment evidence to attempt to refute any of the Defendants' objections. After argument, the Court took the matter under advisement, and both sides submitted post-hearing briefs at the direction of the Court regarding its consideration of the evidence or application of the law. Nothing within Plaintiffs' post-hearing brief responds to any of the Defendants' evidentiary objections to the proffered exhibits.

In the absence of any information, direction, or reference by counsel to look elsewhere in support of proper admission into the summary judgment evidentiary record, the Court completed a thorough review of the objections as compared to the specific exhibits proffered by Plaintiffs, and the Court made rulings thereon accordingly. Considering the existing pleadings along with the evidence that was admitted into the summary judgment evidentiary record, the Court granted the Defendants' motion as the record reflects.

Subsequently, counsel for Plaintiffs filed a "Joint Motion for New Trial" (on behalf of both Plaintiffs). In the motion, counsel for the Plaintiffs, for the very first time and at such late date, seeks to amend the record with purported reasons why the Defendants' objections are not meritorious. . . . Regardless of the merits (or lack thereof) to any such reason, it is too late. The Court has ruled on the objections as well as ruled on the motion for summary judgment based, respectively, upon the timely presented evidentiary arguments and the existing pleadings.

Nonetheless, the Court reviewed the Joint Motion for New Trial. Any leave of Court sought to re-open the evidentiary considerations and rulings thereon is DENIED, and the Motion is, in all other things, OVERRULED without the necessity of any hearing thereon.

This appeal followed.

# STANDARD OF REVIEW

"We review summary judgments de novo, taking as true all evidence favorable to the nonmovant, and indulging every reasonable inference and resolving any doubts in the nonmovant's favor." *Energen Res. Corp. v. Wallace*, 642 S.W.3d 502, 509 (Tex. 2022). "When the trial court does not specify the grounds for its ruling, a summary judgment must be affirmed if any of the grounds on which judgment is sought are meritorious." *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013).

"A party moving for traditional summary judgment bears the burden of proving there is no genuine issue of material fact as to at least one essential element of the cause of action being asserted and that it is entitled to judgment as a matter of law." *Lightning Oil Co. v. Anadarko E&P Onshore, LLC*, 520 S.W.3d 39, 45 (Tex. 2017). "[T]he burden then shifts to the non-movant to disprove or raise an issue of fact as to at least one of those elements." *Amedisys, Inc. v. Kingwood Home Health Care, LLC*, 437 S.W.3d 507, 511 (Tex. 2014).

"The non-movant has no burden to respond to or present evidence regarding the motion until the movant has carried its burden to conclusively establish the cause of action or defense on which its motion is based." *State v. Ninety Thousand Two Hundred Thirty-Five Dollars & No Cents in U.S. Currency ($90,235)*, 390 S.W.3d 289, 292 (Tex. 2013). "On appeal, the movant still bears the burden of showing that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999).

## DISCUSSION

### Merits of summary judgment

In their first issue, appellants assert that the district court erroneously granted summary judgment in favor of appellees. According to appellants, there are genuine issues of material fact as to whether Schroeder was an agent of appellees, thereby triggering the doctrine of respondeat superior, and whether appellees had a duty to disclose information regarding "the true status of the factoring invoices to be acquired by TEF."

"Under the common-law doctrine of respondeat superior, or vicarious liability, 'liability for one person's fault may be imputed to another who is himself entirely without fault solely because of the relationship between them.'" *Painter v. Amerimex Drilling I, Ltd.*, 561 S.W.3d 125, 130 (Tex. 2018) (quoting *St. Joseph Hosp. v. Wolff*, 94 S.W.3d 513, 540 (Tex. 2002) (plurality op.)). "The doctrine has been explained as 'a deliberate allocation of risk' in line with 'the general common law notion that one who is in a position to exercise some general control over the situation must exercise it or bear the loss.'" *Id*. at 130-31 (quoting *Wolff*, 94 S.W.3d at 540). "Respondeat superior thus constitutes an exception to the general rule that a person has no duty to control another's conduct." *Id*. at 131 (citing *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 757 (Tex. 2007)).

In the employment context, an employer may be vicariously liable for its employee's tortious acts if those acts are committed within the course and scope of that employee's employment. *Id*.; *Bank of Texas, N.A. v. Glenny*, 405 S.W.3d 310, 317 (Tex. App.—Dallas 2013, no pet.). However, when the employer is a corporation, it is the corporation itself that is vicariously liable for the actions of corporate employees, rather than corporate officers or other corporate agents, unless the corporation is an "alter ego" of the corporate officer, which

appellants do not allege here, or the corporate officer owes some independent duty to the injured party. *See Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996); *see also Corley v. American Well Control, Inc.*, No. 09-11-00147-CV, 2012 WL 4466361, at *5 (Tex. App.—Beaumont Sep. 27, 2012, no pet.) (mem. op.) ("Generally, duties owed by corporations are not considered to be obligations owed by corporate officers in their individual capacities.").

Here, the summary-judgment evidence established that at all relevant times alleged in the petition, Schroeder's employer was either Southwest Factoring, TEF, or BOSA. Bryant and Weaver were corporate officers in Southwest Factoring, and each averred that Schroeder "was not and has never been [his] agent." They each explained:

> Any authority I had to direct [Schroeder's] work arose solely in my capacity as [corporate officer] of Southwest Factoring, who was Schroeder's employer during the time periods at issue, prior to his becoming an employee and agent of TEF and BOSA. I never directed or hired Wayne Schroeder to perform services for me personally, Schroeder did not ever in fact perform any services for me personally, and I did not ever have any right to control his work in my individual capacity. I have never made any personal payment to Schroeder for the performance of work or delivery of any goods or services, nor represent to any third party that he was my individual employee, agent or representative.

Thus, to the extent Southwest Factoring might be vicariously liable for Schroeder's actions (a question we do not address in this appeal), that liability would not extend to Bryant and Weaver individually, unless either of them owed an independent duty to appellants.

Appellants contend that Bryant and Weaver owed them such a duty here, specifically a duty of disclosure regarding the value of the accounts that appellants purchased, which is an essential element of their claim for fraudulent concealment. *See Blankinship v. Brown*, 399 S.W.3d 303, 308 (Tex. App.—Dallas 2013, pet. denied) (listing elements of fraudulent concealment, including duty of defendant to disclose facts); *see also Schlumberger*

*Tech. Corp. v. Swanson*, 959 S.W.2d 171, 181 (Tex. 1997) ("Fraud by non-disclosure is simply a subcategory of fraud because, where a party has a duty to disclose, the non-disclosure may be as misleading as a positive misrepresentation of facts.").

"As a general rule, a failure to disclose information does not constitute fraud unless there is a duty to disclose the information." *Bradford v. Vento*, 48 S.W.3d 749, 755 (Tex. 2001). "Whether such a duty exists is a question of law." *Id.* "Generally, no duty of disclosure arises without evidence of a confidential or fiduciary relationship." *Insurance Co. of N. Am. v. Morris*, 981 S.W.2d 667, 674 (Tex. 1998). Such relationships seldom arise in arms-length commercial transactions between sellers and buyers, and appellants do not allege that a confidential or fiduciary relationship arose here. *See id.* Absent that, a duty to speak may arise in an arms-length transaction in three situations: "(1) when one voluntarily discloses information, he has a duty to disclose the whole truth; (2) when one makes a representation, he has a duty to disclose new information when the new information makes the earlier representation misleading or untrue; and (3) when one makes a partial disclosure and conveys a false impression, he has the duty to speak." *Playboy Enters., Inc. v. Editorial Caballero, S.A. de C.V.*, 202 S.W.3d 250, 260 (Tex. App.—Corpus Christi-Edinburg 2006, pet. denied). Each of these situations requires the seller to make either an "affirmative disclosure or representation" or "some partial disclosure that triggered a duty to say more." *Mercedes-Benz USA, LLC v. Carduco, Inc.*, 583 S.W.3d 553, 561 (Tex. 2019).

Here, however, neither Bryant nor Weaver made any such affirmative representation or partial disclosure regarding the transferred accounts. They each averred that from July 9 to July 31, 2019, the period when Schroeder was working on the payoff and transfer of accounts from Southwest Factoring to TEF:

> I did not personally speak to any person employed by or otherwise representing TEF or the Bank of San Antonio, nor to my knowledge, did any other person from TEF or the Bank of San Antonio make any attempt to communicate with me personally during that time. To be specific, I did not ever disclose any information or make any representations whatsoever about the Factored Clients to anyone associated with TEF or Bank of San Antonio, except for Wayne Schroeder, who was the person at Southwest Factoring with the most knowledge of these Factored Clients—including any representations to anyone at TEF or Bank of San Antonio about the "aged" status of the invoices for these Clients or the validity of and prospects for collection of the accounts and loans outstanding.

Because Bryant and Weaver had no confidential or fiduciary relationship with appellants and made no representations to them regarding the transferred accounts, no duty to disclose the value of those accounts arose under Texas law. *See Mercedes-Benz*, 583 S.W.3d at 561.

In sum, appellants failed to raise a genuine issue of material fact regarding whether Bryant and Weaver individually were vicariously liable for Schroeder's actions and whether they had a duty to disclose the value of the accounts transferred to appellants. Accordingly, the district court did not err in granting summary judgment in favor of appellees.

We overrule appellants' first issue.[2]

## Evidentiary objections

In their second issue, appellants assert that the district court abused its discretion in excluding their summary-judgment evidence and in not considering their arguments that the evidence was admissible. According to appellants, raising their arguments in their motion for new trial was sufficient to preserve error.

---

[2] Also in this issue, appellants argue briefly that their claims for "unjust enrichment and/or money had and received," which were equitable claims brought against defendants Southwest Factoring and Southwest Bank, are not barred by summary judgment. Because the summary-judgment order at issue in this appeal does not apply to those defendants or those claims, we do not address that contention here.

We review a trial court's decision to exclude summary-judgment evidence for an abuse of discretion, which requires us to determine whether the trial court acted "without reference to any guiding rules and principles." *Starwood Mgmt. LLC v. Swaim*, 530 S.W.3d 673, 678 (Tex. 2017) (per curiam); *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). However, "[a] basic tenet of appellate procedure is that appellate courts do not generally consider complaints not raised in the trial court." *Community Initiatives, Inc. v. Chase Bank of Tex.*, 153 S.W.3d 270, 281 (Tex. App.—El Paso 2004, no pet.) (citing Tex. R. App. P. 33.1(a)(1)). This rule of error preservation applies to summary-judgments proceedings: "Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal." Tex. R. Civ. P. 166a(c); *see Gilbert v. Kalman*, 650 S.W.3d 135, 144-45 (Tex. App.—El Paso 2021, no pet.). To preserve error in the exclusion of evidence when an objection is lodged, the offering party must, among other requirements, "specify the purpose for which the evidence is offered and give the trial court reasons why the evidence is admissible." *Texas Prop. & Cas. Guar. Ass'n v. National Am. Ins.*, 208 S.W.3d 523, 546 (Tex. App.—Austin 2006, pet. denied); *Community Initiatives*, 153 S.W.3d at 281; *see also Sandberg v. STMicroelectronics, Inc.*, 600 S.W.3d 511, 531 (Tex. App.—Dallas 2020, pet. denied); *Comiskey v. FH Partners, LLC*, 373 S.W.3d 620, 629-30 (Tex. App.—Houston [14th Dist.] 2012, pet. denied). "When the record is silent as to what position the complaining party took at trial, it is impossible for a reviewing court to determine whether the trial court abused its discretion by excluding evidence." *Community Initiatives, Inc.*, 153 S.W.3d at 281 (citing *Estate of Veale v. Teledyne Indus., Inc.*, 899 S.W.2d 239, 242 (Tex. App.—Houston [14th Dist.] 1995, writ denied)); *see also Gilbert*, 650 S.W.3d at 143-44 (explaining that when offering party files

no response to objections to summary-judgment evidence that trial court sustains, reviewing court "cannot test the trial court's exercise of discretion as to those specific rulings").

Moreover, "[a]s a prerequisite to presenting a complaint for appellate review, the record must show that the complaint was made to the trial court by a *timely* request, objection, or motion." Tex. R. App. P. 33.1(a)(1) (emphasis added). A complaint is timely when it is asserted at the earliest opportunity. *Gabel v. Gabel-Koehne*, 649 S.W.3d 590, 596 (Tex. App.—Houston [1st Dist.] 2022, no pet.); *Matbon, Inc. v. Gries*, 288 S.W.3d 471, 490 (Tex. App.—Eastland 2009, no pet.). A complaint made for the first time in a motion for new trial is untimely if the complaint could have been urged earlier. *See St. Paul Surplus Lines Ins. v. Dal-Worth Tank Co.*, 974 S.W.2d 51, 53 (Tex. 1998); *Zhu v. Lam*, 426 S.W.3d 333, 342 (Tex. App.—Houston [14th Dist.] 2014, no pet.); *Hoxie Implement Co. v. Baker*, 65 S.W.3d 140, 145 (Tex. App.—Amarillo 2001, pet. denied); *see also Brown v. Pittsburgh Corning Corp.*, 909 S.W.2d 101, 104 (Tex. App.—Houston [14th Dist.] 1995, writ denied) ("A party cannot wait until the trial is finished, then seek to reverse an unfavorable verdict by complaining of an error which the trial court could have corrected had it been timely informed of the error."). This rule applies to summary-judgment proceedings to prevent a non-movant from "laying behind the log" until after summary judgment is granted and then raising a complaint for the first time in a motion for new trial or on appeal. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 675-79 (Tex. 1979); *Nguyen v. Short, How, Frels & Heitz, P.C.*, 108 S.W.3d 558, 560-61 (Tex. App.—Dallas 2003, pet. denied); *see also Williamson v. New Times, Inc.*, 980 S.W.2d 706, 712 (Tex. App.—Fort Worth 1998, no pet.) ("[I]n an appeal from a summary judgment, an objection raised for the first time in a motion for new trial is untimely and insufficient to preserve the alleged error for review.").

In this case, appellees filed their written objections to appellants' summary-judgment evidence before the summary-judgment hearing was held. At that hearing, as explained by the district court in its order overruling the motion for new trial, "[c]ounsel for the Plaintiffs, when given the opportunity on the record to respond to those objections, did not do so." Counsel did not "refer the Court generally to any source of information nor specifically to any exhibit in support of the admission of the Bank of San Antonio's/Texas Express Funding, LLC's summary judgment evidence to attempt to refute any of the Defendants' objections." Additionally, although the district court gave appellants the opportunity to submit "post-hearing briefs at the direction of the Court regarding its consideration of the evidence or application of the law," "[n]othing within Plaintiffs' post-hearing brief respond[ed] to any of the Defendants' evidentiary objections to the proffered exhibits." Thus, appellants had opportunities at both the summary-judgment hearing and after the hearing, before the district court rendered summary judgment, to respond to appellees' objections but did not do so. Instead, appellants responded to appellees' objections for the first time in their motion for new trial. Under these circumstances, we conclude that this response was untimely and failed to preserve error, if any, in the district court's exclusion of the evidence. *See Zhu*, 426 S.W.3d at 342; *Williamson*, 980 S.W.2d at 712.

We overrule appellants' second issue.

## CONCLUSION

We affirm the district court's order granting summary judgment.

_____

Gisela D. Triana, Justice

13

Before Chief Justice Byrne, Justices Triana and Theofanis

Affirmed

Filed:   November 29, 2023