HENDERSON–BRIDGES, INC.,
Appellant,

v.

Claudette WHITE, Appellee.

No. 2547cv.

Court of Appeals of Texas,
Corpus Christi.

Jan. 6, 1983.

Robert B. Weathers, Dobbs & Weathers, Corpus Christi, for appellant.

Robert W. Johnson, Jr., Corpus Christi, for appellee.

Before BISSETT, YOUNG and KENNEDY, JJ.

## OPINION

BISSETT, Justice.

This is an appeal from a judgment rendered in favor of Claudette White, plaintiff, in a suit which involved a contract of employment dispute with Henderson-Bridges, Inc., defendant. Following a trial to the court, judgment was rendered that White recover of and from Henderson-Bridges, Inc., the sum of $16,250.00 in the action brought by her, and that she recover attorney's fees, as follows: 1) $4,000.00 for services rendered through the trial of the case; 2) the further sum of $1,500.00 in the event of an appeal to the Court of Appeals; and 3) an additional sum of $1,000.00 in the event of an appeal to the Supreme Court. Henderson-Bridges, Inc., has appealed.

The contract between Claudette White and Henderson-Bridges, Inc., was oral. It was disputed whether the employment contract called for Claudette White to receive a salary of $2,000.00 a month plus 10% of the net profits of the sales division of Henderson-Bridges, Inc., or the monthly salary of $2,000.00 plus 10% of the net profits of the entire company. Claudette White voluntarily quit her employment with Henderson-Bridges, Inc., after working for a period of 13 months under the disputed contract. At that time, she demanded her percentage of the company's profits. When her demand was refused, this suit was instituted.

The trial court found that the disputed contract was an oral contract for an indefinite period of time, which provided for Claudette White to receive the monthly salary plus 10% of the *net profits of the entire corporation.* No findings of fact or conclusions of law were either requested or made. Henderson-Bridges, Inc., brings forth two points of error.

In its first point of error, Henderson-Bridges, Inc., complains that the trial court erred in failing to find sufficient evidence to support the issue that the profits of the corporation should be reduced by a reasonable amount for salaries for the two stockholder-officers of the corporation, Dyke Henderson and Mike Bridges. We read this ground of error as attacking the factual sufficiency of the evidence to support the judgment.

In considering a factual "insufficient evidence" point, the court must consider and weigh all the evidence, including any evidence contrary to the trial court's judgment. *Burnett v. Motyka,* 610 S.W.2d 735 (Tex.1980).

Evidence was presented to the trial court that during the time period Claudette White worked for Henderson-Bridges, Inc., under the disputed contract, the latter made a net profit of $162,500.00. Testimony was also presented to the effect that neither Mr. Henderson nor Mr. Bridges received a salary during the time period of Claudette White's contract of employment.

It was contended that $100,000.00 should be substracted from the company's profits to compensate both Mr. Henderson and Mr. Bridges before determining the net profits of the corporation.

 In a non-jury trial, where no findings of fact or conclusions of law are filed or requested, it will be implied that the trial court made all the necessary findings to support its judgment. *Burnett,* supra. Under the evidence presented, a finding by the trial court that the profits of Henderson-Bridges, Inc., should be determined without first subtracting a salary for Mr. Henderson and Mr. Bridges is not so clearly unjust as to require a new trial. The first point of error is overruled.

In its second point of error, Henderson-Bridges, Inc., contends that the trial court committed reversible error by abandoning its proper role of impartiality and assuming the role of an advocate in its interrogation of the witnesses. While the trial judge should not act as an advocate for one of the parties, his role is more than that of a mere umpire in the performance of his duty to administer justice. *Hudson v. Hudson,* 308 S.W.2d 140 (Tex.Civ.App.—Austin 1957, no writ). "For the purpose of eliciting evidence which has not otherwise been brought out, or to clarify testimony, it is ordinarily proper for the judge to put competent and material questions to a witness either on his examination in chief or on his cross-examination, and where anything material has been omitted, it is sometimes his duty to examine a witness." *Stewart v. State,* 438 S.W.2d 560 (Tex.Cr.App.1969). We hold that the trial judge did not exceed his authority in examining the witnesses. However, assuming, arguendo, that the trial court did exceed its authority, since there was no jury in the case at bar, we do not see how Henderson-Bridges, Inc., could have been prejudiced by the court's examination of the witnesses. Additionally, in the absence of findings of fact or conclusions of law indicating that the judgment was based upon inadmissible evidence, it is presumed on appeal, that the trial court, in a case tried without a jury, disregarded any evidence which might have been improperly received and in no manner considered it in arriving at its judgment. *Gray v. Bird,* 380 S.W.2d 908 (Tex.Civ.App.—Tyler 1964, writ ref'd n.r.e.). Therefore, error, if any, was harmless. The second point of error is overruled.

The trial court's judgment is AFFIRMED.