Belinda BORN, Individually, and as Community Survivor of the Estate of William B. Born, Jr., Deceased, and as Next Friend of Marissa J. Born, Justin K. Born, and William Austin Born; and William B. Born and Harriet Born, Surviving Parents of William B. Born, Jr., Appellants,

v.

VIRGINIA CITY DANCE HALL AND SALOON, Appellee.

No. C14–92–00918–CV.

Court of Appeals of Texas, Houston (14th Dist.).

July 1, 1993.

Rehearing Denied Aug. 5, 1993.

Robert V. Holland, Jr., Kelly D. Shephens, Houston, for appellants.

Debora Beck McWilliams, Houston, for appellee.

Before ROBERTSON and CANNON, JJ., and MORSE, J., Sitting by Designation.

## OPINION

ROBERT E. MORSE, Jr., Justice.

The survivors of William B. Born, Jr. appeal from a take nothing judgment rendered in favor of appellee, Virginia City Dance Hall and Saloon. Appellants bring six points of error. We affirm.

Appellants filed a wrongful death suit against appellee, and against three parties who are not part of this appeal, including Jerry B. Nicar, Movimex, Inc., and Carlos Tamborrel. Appellants contended that appellee violated the Texas Dram Shop Act by serving the decedent and Jerry Nicar alcohol after they had become intoxicated. Appellants further claimed that Nicar, who was allegedly intoxicated, was negligent in failing to warn the decedent and in operating the vehicle that was involved in a collision which resulted in the death of William Born, Jr.

Upon motion, the trial court granted summary judgment in favor of Movimex, Inc. and Carlos Tamborrel. The case proceeded to trial, where the proceedings were electronically recorded. After all parties had rested and while the jury was deliberating, appellants and Nicar reached a settlement and filed this agreement with the court. The jury returned a verdict finding no negligence on the part of appellee, Nicar, or the decedent. Thus, the trial court entered judgment awarding appellants $25,000.00 based on their settlement agreement with Nicar and ordering that appellants take nothing against appellee.

■ In their first point of error, appellants contend the judgment should be reversed because there is an insufficient record on appeal. Because the trial was electronically recorded and the written transcription contains many omissions and errors, appellants argue that Rule 50(e) is applicable and that they are entitled to a new trial. Rule 50(e) pertains to lost or destroyed records and provides:

When the record or any portion thereof is lost or destroyed, it may be substituted in the trial court and when so substituted the record may be prepared and transmitted to the appellate court as in other cases. If the appellant has made a timely request for a statement of facts, but the court reporter's notes and records have been lost or destroyed without appellant's fault, the appellant is entitled to a new trial unless the parties agree on a statement of facts.

TEX.R.APP.P. 50(e). In interpreting this rule, Texas courts have held that there are three requirements for a new trial under Rule 50(e):

1. That the appellant has made a timely request for a statement of facts;

2. That the court reporter's notes and records have been lost or destroyed without the appellant's fault;

3. That the parties cannot agree on a statement of facts.

*Hidalgo, Chambers & Co. v. Federal Deposit Ins. Corp.,* 790 S.W.2d 700, 702 (Tex. App.—Waco 1990, writ denied).

 Appellee offers three reasons why appellant's argument should fail. First, appellee notes that the record is not lost or destroyed and therefore, Rule 50(e) is inapplicable. Second, appellant has not established that the parties cannot agree on the unidentified speakers and inaudible responses. Finally, appellee contends that appellant has not attempted to follow the methods for correcting inaccuracies in the records set out in Rule 55(a).

We agree with appellee that appellants' claim is not that the record was lost or destroyed, but that the use of an audiotape recording system resulted in a transcription with inaccuracies. Rule 55 provides methods for correcting any inaccuracies in the record; however, appellants have not requested relief under this rule. Appellants also have not shown that the parties cannot agree on a statement of facts.

Furthermore, appellants have not attached the entire written transcription of the taped trial. Appellants counter that the Texas Supreme Court rules for electronic recording of court proceedings only require a transcription of relevant portions of the recorded statement of facts. Furthermore, these rules provide for the following presumption:

> The appellate court shall presume that nothing omitted from the transcriptions in the appendices is relevant to any point raised or to the disposition of the appeal. The appellate court shall have no duty to review any part of an electronic recording.

RULES GOVERNING THE PROCEDURE FOR MAKING A RECORD OF COURT PROCEEDINGS IN HARRIS COUNTY BY ELECTRONIC RECORDING 6

(1991). This presumption is the same as the presumption in Rule 53(d) regarding partial statements of facts. Rule 53(d) states that when a partial statement of facts is filed, there is a "presumption on appeal that nothing omitted from the record is relevant to any of the points specified or to the disposition of the appeal." TEX.R.APP.P. 53(d). Despite this presumption, the supreme court has held that an appellant complaining of no evidence to support a trial court finding could not show error in the absence of a complete or agreed statement of facts. *Englander Co. v. Kennedy,* 428 S.W.2d 806, 807 (Tex.1968) (per curiam). Texas courts have extended this analysis to cases where the appellant complains of insufficient evidence in an electronically recorded trial. *Rowlett v. Colortek, Inc.,* 741 S.W.2d 206, 208 (Tex. App.—Dallas 1987, writ denied).

Rule 50(d) requires an appellant to present a sufficient record to show error requiring reversal. TEX.R.APP.P. 50(d). Appellants argue that the errors and omissions [1] render the record wholly insufficient for the prosecution of appeal and for appellate review, but appellants do not specify how these errors or omissions are harmful. Because appellants have only presented the pages of the written transcription that contain the errors or omissions, we are unable to determine whether these defects are harmful. Appellants have not produced a sufficient record to demonstrate error requiring reversal, as required under Rule 50(d). Therefore, we overrule point of error one.

In point of error two, appellants claim the trial court abused its discretion by inequitably granting strikes for cause. The discussion under this point of error is unclear.[2] Appellants seem to be arguing

---

**1.** Appellants list the following errors and omissions:

(1) seventy-seven references to unidentified speakers;
(2) sixty-four references to inaudible responses by attorneys;
(3) seventeen references to inaudible responses by veniremen, jurors and/or witnesses;
(4) nine phonetic spellings;
(5) fifteen references to inquiries as no verbal response; and

(6) nineteen obvious errors.

**2.** Appellants state:

Before deciding to grant all of [appellee's] and one-half of [appellants'], the Court calculated the number that could be granted to leave 6 preemptory [sic] challenges per side, on each for the alternate, 12 jurors and one alternate, thus making its decision on the number of challenges for cause based upon its own expediency rather than a fair trial.

that, instead of granting challenges for cause based on a determination whether the jurors were biased or prejudiced, the trial court granted a certain number of challenges per cause so that each party would have six peremptory strikes.

■■■ The trial court's refusal to excuse an unqualified juror does not necessarily result in harmful error. The harm occurs when the party uses all of his peremptory challenges and is thereby prevented from striking other objectionable jurors from the list. *Hallett v. Houston Northwest Med. Center*, 689 S.W.2d 888, 890 (Tex.1985). To preserve error, the complaining party must advise the court of the situation before the peremptory challenges are exercised. *Circle Y of Yoakum v. Blevins*, 826 S.W.2d 753, 755 (Tex.App.—Texarkana 1992, writ denied).

■ Regarding this complaint, appellant presents and cites to three pages from the written transcription of the statement of facts. These three pages indicate the jurors that each party moved to strike, but they do not show the trial court's ruling. The pages containing the trial court's ruling on strikes for cause are included in the section of the appendix regarding point of error one. We were unable to locate in the written transcription where appellants advised the court that its refusal to strike disqualified jurors forced appellants to take objectionable jurors after using all their peremptory challenges. Thus, appellants have not preserved this complaint for appeal. We overrule point of error two.

■ In point of error three, appellants contend the trial court erred in refusing to allow expansion of voir dire examination. Appellants made a bill of exceptions describing the matters they were unable to ask the jurors. By not having the opportunity to make these inquiries, appellants claim they were denied the right to a trial by a fair and impartial jury.

The trial judge stated that he had asked the parties the amount of time they would need for voir dire and that counsel for appellants indicated he would need at least

an hour. Based on this, the trial judge allowed one hour for voir dire examination.

As discussed previously, appellants have presented only selected pages of the written transcription of voir dire examination. Absent a complete record, we are unable to determine whether or not the questions appellants claimed they were unable to ask were duplicitous or were raised in those portions of the written transcription appellants have not presented to us. Because appellants have not presented a sufficient record to show harm, we find no error justifying reversal. Point of error three is overruled.

In point of error four, appellants claim the trial court erred by not submitting an instruction about an issue that was tried by consent. Appellants proposed the following instruction:

"Negligence," when used with respect to the conduct of Virginia City Dance Hall & Saloon, Inc., means providing, selling, or serving alcoholic beverages to Jerry Nicar and/or Willie Born when it was apparent that he/they were obviously intoxicated to the extent that he/they presented a clear danger to himself/themselves and others.

The trial court refused this instruction. Instead, the trial court submitted essentially the same instruction, but one that referenced the serving of alcoholic beverages to Nicar alone. Although appellants alleged that appellee served both men intoxicating liquors, appellants alleged a Dram Shop violation only as to the serving of alcohol to Nicar. Appellants did not allege that appellee violated the Dram Shop Act by serving alcoholic beverages to the decedent. Despite this lack of pleading, appellants contend this issue was tried by consent.

■ Appellee asserts three reasons why the trial court's refusal to submit the instruction is not error. First, appellee claims appellants did not preserve this complaint for appellate review because they failed to present the record showing the trial court's ruling on this instruction. While this may have been true when appellee prepared its brief, appellants have provided a supplemental transcript containing

the proposed instruction which the trial judge marked "refused." Thus, appellants have preserved this complaint for our review.

■ Appellee next contends the proposed instruction applies a negligence standard and it would have been error for the trial court to submit a negligence standard when the exclusive remedy is TEX. ALCO.BEV.CODE ANN. § 2.03. Texas courts have held that the Dram Shop Act is the exclusive remedy in lieu of other common law or statutory remedies. *Fuller v. Maxus Energy Corp.*, 841 S.W.2d 881, 884 (Tex.App.—Waco 1992, no writ); *Boyd v. Fuel Distributors, Inc.*, 795 S.W.2d 266, 273 (Tex.App.—Austin 1990, writ denied). Liability may be imposed upon a provider of alcoholic beverages if it is shown that:

(1) at the time of the provision occurred it was apparent to the provider that the individual being sold, served, or provided with an alcoholic beverage was obviously intoxicated to the extent that he presented a clear danger to himself and others; and

(2) the intoxication of the recipient of the alcoholic beverage was a proximate cause of the damages suffered.

TEX.ALCO.BEV.CODE ANN. § 2.02(b) (Vernon Supp.1993).

The act does not state that the serving of alcoholic beverages to an obviously intoxicated person constitutes negligence. The issue on liability submitted to the jury and the accompanying instruction, as well as the instruction proposed by appellants, improperly and unnecessarily reference negligence. However, an ultimately proper definition of liability under the Dram Shop Act was submitted. The submission of appellants' proposed instruction which further incorporated the erroneous reference to negligence might not have been additionally harmful, but it was not error to refuse same.

■ Finally, appellee contends that, even if there was evidence presented regarding the serving of alcoholic beverages to the decedent, this evidence was admissible on appellee's properly pled issue of contributory negligence. When issues not raised by pleading are tried by express or implied consent of parties, they shall be treated in all respects as if they had been raised by the pleadings. TEX.R.CIV.P. 67; *Gulf & Basco Co. v. Buchanan*, 707 S.W.2d 655, 657 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e). Where evidence is relevant to an issue pleaded as well as to one not pleaded, the doctrine of "trial by implied consent" should not be applied unless clearly warranted. *Sun Power, Inc. v. Adams*, 751 S.W.2d 689, 696 (Tex.App.—Fort Worth 1988, no writ).

■ In this case, appellant alleges there is evidence raising the issue of violation of the Dram Shop Act by appellee in serving the decedent. Appellee counters that this issue was not tried by consent because the evidence was relevant to the pleaded defense of contributory negligence. To determine whether the evidence admitted was relevant only to the Dram Shop Act violation or was also relevant to the issue of contributory negligence, we reviewed the partial written transcription and we locate no evidence indicating that appellee served alcoholic beverages to the decedent.[3] Absent probative evidence that appellee served alcoholic beverages to decedent, or that appellee continued to serve the decedent alcoholic beverages after he appeared to be intoxicated, there is no merit to appellants' contention that the proposed issue was tried by consent. We overrule point of error four.

In point of error five, appellants claim the trial court erred by instructing a witness how to answer a question on direct examination. Appellants complain about the following statements by the trial judge:

---

**3.** The evidence does indicate that the decedent did not appear intoxicated before he and Nicar arrived at the dance hall. The decedent later asked for the keys to Nicar's truck, but Nicar testified that the decedent did not appear intoxicated when he took the keys. Nicar also testified to having a close friendship with the decedent and that he knew of the decedent's drinking problem. Finally, the evidence indicated that the decedent's blood alcohol concentration was 0.279.

Q. Well, now, being his best friend, what would have prevented you from simply turning around and saying, "Willie, stop it"?

A. I tried.

Q. What would have prevented you from turning around and saying, "Willie, have you had too much to drink to drive the truck?"

A. I know what his answer would have been.

Q. What would have prevented you from turning around and really looking at this person who you say is your best friend, who you say has a drinking problem, and determining for yourself—

A. I said he had a drinking problem.

Q. —determining for yourself whether or not he was intoxicated?

A. Like I said, you'd have to know Willie. You know, he's persistent.

Q. I'm not talking about Willie. I'm talking about you.

MR. COOPER: Judge, I object to him arguing with the witness. He asked him what would have prevented him, and the man answered, and he starts arguing with him.

THE COURT: Overruled.

The question is simply: "Would anything have prevented you." I take it your answer is nothing other than his personality?

THE WITNESS: Yes, sir.

THE COURT: Let's move along then.

Appellants did not object to the trial court's action.

■■■■ Although the trial judge should not act as an advocate, his role is more than that of an umpire. *Henderson–Bridges, Inc. v. White*, 647 S.W.2d 375, 377 (Tex.App.—Corpus Christi 1983, no writ). For the purpose of eliciting evidence that has not otherwise been brought out, the judge may put competent and material questions to a witness, and where anything material has been omitted, it is sometimes his duty to examine a witness. *Id.* We find that the trial judge's action in this instance was to paraphrase the previous question and to clarify the witness' response. The judge did not instruct the witness to answer the question differently in any material respect than he had already answered.

■■■■ Appellants also complain about the trial court's answer to a question regarding the reason for the witness' termination of employment. Appellants assert that the witness previously testified he was put on leave of absence from employment due to a criminal conviction arising out of the incident upon which this suit is based. The written transcription presented by appellants contains no testimony by this witness about this subject. Rather, the page cited by appellants contains a statement by appellants' counsel to the trial court about the witness' prior deposition testimony. Appellants' counsel was arguing that defense counsel was misleading the jury by telling them the witness was on leave of absence because of the allegations in this case. The judge addressed this issue later and the following transpired out of the jury's presence:

THE COURT: I think I'm going to rule that—Mr. Nicar, you'll need to listen to this—that you may ask him the question: "Were you suspended because we sued you in this suit?"

Your answer to that is going to be? Were you suspended because of this lawsuit?

THE WITNESS: No, sir.

We find no impropriety by the trial judge in attempting to clarify this point. Furthermore, appellants have shown no harm and we cannot perceive any harm that this action could have caused appellants. We overrule point of error five.

■■■■ In point of error six, appellants contend the jury finding of no damages was against the great weight and preponderance of the evidence. As discussed under point of error one, an appellant complaining of insufficient evidence in a case involving an electronically recorded trial has not discharged his burden of showing error if he fails to provide a complete written transcription of the statement of facts. *See Rowlett,* 741 S.W.2d at 208. Appel-

lants have brought only selected pages from the written transcription. Therefore, appellants have not produced a sufficient record to demonstrate error. Furthermore, appellants do not complain of the findings of no liability against appellee. Where there is no liability finding, the question of damages is immaterial. *Ramirez v. Otis Elevator Co.*, 837 S.W.2d 405, 413 (Tex. App.—Dallas 1992, writ denied). We overrule point of error six.

We affirm the trial court's judgment.