D.A.S. 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00743-CV







In the Matter of D. A. S.









FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT


NO. J-12,136, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING








 Appellant, D.A.S., seeks a reversal of a juvenile court order, committing her to
custody of the Texas Youth Commission ("TYC"). The judgment was rendered after a hearing
on the state's motion to modify probation, due to appellant's violation of the condition that she
not use alcohol, inhalants or illegal drugs.

 Appellant claims that there is no evidence or insufficient evidence that she violated
the terms of her probation because the court erred in admitting the results of urinalysis tests. She
also asks that the matter be reversed and remanded because an inaudible tape recording is
equivalent to the loss or destruction of the court reporter's notes. We will affirm the order
modifying disposition.



BACKGROUND


 On May 25, 1994, the juvenile court found that appellant had engaged in delinquent
conduct (the unauthorized use of a motor vehicle) and placed her on probation with her guardian,
Pearl Gomez. On August 2, 1994, the court signed an order modifying probation to commit her
to the custody of Lena Pope in Fort Worth. On August 30, 1994 appellant tested positive for
THC, a chemical found in marihuana. On October 20, 1994, the juvenile court found beyond a
reasonable doubt that appellant had violated a lawful court order; the court revoked probation and
committed her to TYC for drug treatment. See Tex. Fam. Code Ann. § 54.05(f) (West Supp.
1995).



URINALYSIS RESULTS


 At the October 20, 1994 hearing, appellant's probation officer, Sonia Hartman, was
the only witness. Hartman testified that she administered and read the results of a urinalysis test
that indicated the presence of THC in appellant's urine; a second test was positive for opiates. 
Appellant objected that Hartman was not qualified to testify as to the results of the urinalysis tests. 
The court overruled the objection and based on the positive test results, revoked probation and
ordered appellant committed to TYC.

 In her first four points of error, appellant complains that there is no evidence or
insufficient evidence because the urinalysis test results were improperly admitted. Her first two
points of error assert that the State failed to establish that the urinalysis test was generally accepted
as reliable by the scientific community. Because this complaint differs from the one that appellant
raised at trial, she has failed to preserve error. Thompson v. State, 691 S.W.2d 627, 635 (Tex.
Crim. App. 1984), cert. denied, 474 U.S. 85 (1985). We overrule the first two points of error.

 At trial, appellant did complain that Hartman was not qualified to read the results
of the urinalysis test. After questioning Hartman about the test itself, the court overruled the
objection and found Hartman qualified. We will overturn a ruling on the admissibility of expert
testimony only if the trial court abused its discretion. Amos v. State, 819 S.W.2d 156, 163 (Tex.
Crim. App. 1991), cert. denied, __ U.S. ___, 112 S. Ct. 1959 (1992). Hartman testified that she
had been trained for eight hours in administering such tests, including one and one-half hours of
training for reading the test results. She further testified that she had meticulously followed the
instructions in administering this test. In response to the court's questioning, Hartman described
the simplified nature of the urinalysis test in which urine is collected, then dropped into the test
receptacle which has a window that reveals two vertical lines if the test is negative, one vertical
line if the test is positive. The court did not abuse its discretion in admitting the positive test
results of the urinalysis. We overrule points of error three and four.



INAUDIBLE TAPE RECORDING


 In her fifth point of error, appellant asks this court to reverse and remand this cause
because certain portions of the tape recording of the hearing are inaudible. See Tex. R. App. P.
50(e) (appellant entitled to new trial when court reporter's notes and records have been lost or
destroyed through no fault of appellant and parties are unable to agree on statement of facts). 
There may be times when an inaudible tape recording will require us to remand for a new trial,
but this is not one of them. In Born v. Virginia City Dance Hall & Saloon, the court distinguished
a claim based on inaudible tapes from a claim that the record has been lost or destroyed. Born
v. Virginia City Dance Hall & Saloon, 857 S.W.2d 951, 954 (Tex. App.--Houston [14th Dist.]
1993, writ denied). Additionally, Born established that when seeking a remand because of an
inaudible tape, an appellant must (1) attempt to correct any inaccuracies by the method provided
in Rule 55(a), and (2) show that the parties cannot agree on a statement of facts. Id. This
appellant has done neither. Furthermore, we have reviewed the complete written transcription
of the taped hearing and find no gaps substantial to appellant's argument on appeal, which
distinguishes this matter from the case relied upon by appellant. See In the Matter of I.A. v. State,
587 S.W.2d 538, 540 (Tex. Civ. App.--Corpus Christi 1979, no pet.) (virtually all testimony of
two crucial witnesses inaudible). The only point of error preserved below is one we have been
able to review based on the tape as transcribed. We overrule point of error five.

 Because we find no error, we affirm the trial court's order modifying disposition
revoking probation and committing appellant to TYC.



 

 Bea Ann Smith, Justice

Before Chief Justice Carroll, Justices Jones and B. A. Smith

Affirmed

Filed: October 25, 1995

Do Not Publish



appellant's urine; a second test was positive for opiates. 
Appellant objected that Hartman was not qualified to testify as to the results of the urinalysis tests. 
The court overruled the objection and based on the positive test results, revoked probation and
ordered appellant committed to TYC.

 In her first four points of error, appellant complains that there is no evidence or
insufficient evidence because the urinalysis test results were improperly admitted. Her first two
points of error assert that the State failed to establish that the urinalysis test was generally accepted
as reliable by the scientific community. Because this complaint differs from the one that appellant
raised at trial, she has failed to preserve error. Thompson v. State, 691 S.W.2d 627, 635 (Tex.
Crim. App. 1984), cert. denied, 474 U.S. 85 (1985). We overrule the first two points of error.

 At trial, appellant did complain that Hartman was not qualified to read the results
of the urinalysis test. After questioning Hartman about the test itself, the court overruled the
objection and found Hartman qualified. We will overturn a ruling on the admissibility of expert
testimony only if the trial court abused its discretion.