**Opinion filed June 8, 2023**



In The

# Eleventh Court of Appeals

_____

## No. 11-22-00358-CV

_____

## IN THE INTEREST OF A.C.R., A CHILD

**On Appeal from the 220th District Court**
**Comanche County, Texas**
**Trial Court Cause No. DV17119**

## M E M O R A N D U M   O P I N I O N

This is an appeal from an order terminating the parental rights of Appellant to one of his children.   Appellant, the father of the child, was pro se at trial and he is pro se on appeal.  He presents eighteen issues on appeal.  We affirm.

*Background Facts*

We note at the outset that this is the second appeal from the termination of Appellant's parental rights with respect to A.C.R.  *See In re A.C.R.*, No. 11-22-00070-CV, 2022 WL 2976148 (Tex. App.—Eastland July 28, 2022, no pet.) (mem. op.).  In the first appeal, we reversed and remanded a prior judgment terminating Appellant's parental rights.  *Id.* at *3.  We did so on the basis that the trial court rendered judgment against Appellant without permitting him to have an opportunity

to present evidence. *Id.* at *2-3. This appeal arises from the trial that occurred after remand.

Appellant was convicted of the offense of indecency with a child by sexual contact and was sentenced to imprisonment for twenty years. The victim of the indecency conviction was Appellant's older daughter, S.R. Appellant was charged and convicted of touching her genitals with a manufactured sexual device with the intent to arouse or gratify his sexual desire. Afterwards, A.C.R.'s mother filed a petition to terminate Appellant's rights to A.C.R., Appellant's younger daughter. The mother sought termination of Appellant's parental rights based upon the following grounds:

- Appellant knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endanger the physical or emotional well-being of the child;

- Appellant engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child;

- Appellant has been convicted or has been placed on community supervision, including deferred adjudication community supervision, for being criminally responsible for the death or serious injury of a child under Section 21.11 of the Texas Penal Code; and

- Appellant knowingly engaged in criminal conduct that has resulted in the parent's conviction of an offense and confinement or imprisonment and inability to care for the child for not less than two years from the date of filing the petition.

*See* TEX. FAM. CODE ANN. § 161.001(b)(1)(D), (E), (L)(iv), and (Q) (West 2022). The bench trial on remand occurred during the pendency of Appellant's appeal to this court of his criminal conviction.[1]

---

[1]We subsequently affirmed Appellant's conviction for indecency with a child by contact. The Texas Court of Criminal Appeals recently denied Appellant's petition for discretionary review.

The mother began the presentation of her case in chief by offering into evidence a certified judgment of Appellant's July 15, 2021, conviction for indecency with a child by sexual contact, which was admitted into evidence over Appellant's objection. The mother also offered into evidence a certified judgment of Appellant's April 1, 2022, conviction for retaliation for which Appellant was sentenced to a term of confinement for nine years in the Institutional Division of the Texas Department of Criminal Justice. Appellant made numerous objections to the admission of these judgments of conviction, all of which the trial court overruled.

The mother's first witness was Ernest Hastings, a peace officer who had previously been a criminal investigator for the Comanche Police Department. As such, Investigator Hastings was involved in the investigation of the indecency offense. The victim of that offense was Appellant's older daughter, S.R., who was a teenager at the time of the offense. Investigator Hastings testified about the specifics of his investigation with respect to the victim.[2]

Anna Marie Willoughby is a Sexual Assault Nurse Examiner that examined A.C.R. based on an outcry that A.C.R. had made. A.C.R was around four years of age at the time of the examination. Willoughby testified that A.C.R. reported to her that Appellant took pictures of her without her clothes on. Specifically, Willoughby testified that "[A.C.R.] lift[ed] her legs up and then she separated her labia and said that is how her photographs were taken."

The mother testified about the effects of Appellant's conduct on S.R. with respect to his conviction for indecency with a child by contact. She testified that S.R. experienced nightmares, day tremors, severe anxiety, and severe depression. S.R. also became suicidal. The mother testified that S.R.'s condition started to

---

[2]Appellant's 2022 conviction for retaliation arose from his act of intentionally or knowingly threatening to harm Investigator Hastings by threatening to assault him or burn his house. Appellant pleaded guilty to that offense.

improve, but then it became worse when Appellant bonded out of custody. The mother testified that terminating Appellant's parental rights to A.C.R. would be in A.C.R.'s best interest because of the trauma that he had inflicted on S.R. She also testified that, based on the outcry that A.C.R. made to Willoughby, she believed that Appellant had endangered A.C.R.'s physical or emotional well-being.

Appellant's cross-examination of the witnesses, as well as his case in chief focused on his efforts to essentially re-try his criminal conviction for indecency with a child by contact. In this regard, Appellant seized upon an instance in the cross-examination of S.R. during the criminal trial where she denied that Appellant touched her genitals as alleged in the case. Based upon this single instance, Appellant asserted in the termination case that he should have a new trial or time reduction in the criminal case, and that Investigator Hastings should be arrested and charged with perjury. Appellant also denied taking inappropriate photographs of A.C.R.

The trial court granted the mother's petition for parental termination on three of the four grounds upon which it was based—those set out in Section 161.001(b)(1)(D), (E), and (Q). The trial court also determined that termination of Appellant's parental rights with respect to A.C.R. was in the best interest of the child.

*Analysis*

In his first issue, Appellant contends that the trial court erred by admitting Appellant's conviction for indecency with a child by contact because the conviction was under appeal at the time of trial. We review a trial court's evidentiary ruling under an abuse of discretion standard. *Sw. Energy Prod. Co. v. Berry-Helfand*, 491 S.W.3d 699, 727 (Tex. 2016). An abuse of discretion exists only when the court's decision is made without reference to any guiding rules and principles. *U-Haul Int'l, Inc. v. Waldrip*, 380 S.W.3d 118, 132 (Tex. 2012). "An appellate court must uphold

4

the trial court's evidentiary ruling if there is any legitimate basis for the ruling." *Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998). To obtain a reversal of a judgment based on the erroneous admission or exclusion of evidence, an appellant must show that (1) the trial court's ruling was in error and (2) the error probably caused the rendition of an improper judgment. *Waldrip*, 380 S.W.3d at 132; *see* TEX. R. APP. P. 44.1(a)(1).

Appellant asserts that the admission of the criminal conviction while the case was on appeal violated Rule 609(e). *See* TEX. R. EVID. 609(e). Appellant's reliance on Rule 609(e) is misplaced. We addressed a similar contention in *In re W.B.W.*, No. 11-11-00269-CV, 2012 WL 2856067, at *14 (Tex. App.—Eastland July 12, 2012, pet. denied) (mem. op.). We cited *Rian v. Tex. Dep't of Family & Protective Servs.*, No. 03–08–00155–CV, 2009 WL 2341868, at *1–2 (Tex. App.—Austin July 31, 2009, pet. denied) (mem. op.) for the proposition that Rule 609(e) is inapplicable when a conviction pending appeal is offered in a parental termination proceeding when termination is sought under Section 161.001(b)(1)(L) and (Q). *Id.* at *14-15. Rule 609 is inapplicable because the evidence of the conviction is not being used to impeach a witness, but rather to show that parental rights should be terminated. *Id.* at *15. As noted in *Rian*, the strict time requirements of parental termination cases indicate that nonfinal convictions are admissible in termination cases. 2009 WL 2341868, at *2; *see In re W.B.W.*, 2012 WL 2856067, at *14. Moreover, the statute only references criminal conduct for which the parent has been convicted and confined; it does not reference post-conviction proceedings. *See Rian*, 2009 WL 2341868, at *2 ("[T]he legislature intended to permit termination under section 161.001 based on conviction without regard to whether appeals were exhausted."); *cf. Rogers v. Dep't of Family and Protective Servs.*, 175 S.W.3d 370, 378 (Tex. App.—Houston [1st Dist.] 2005, pet. dism'd w.o.j.) ("Although Rogers contends that his criminal conviction cannot be used as evidence because it was on

5

appeal at the time of trial, that is not an accurate reflection of [subsection (L) of] the statute, which makes no reference to post-conviction proceedings."). Accordingly, the trial court did not err by overruling Appellant's Rule 609 objection to the admission of his conviction for indecency with a child by contact. We overrule Appellant's first issue.

In his second issue, Appellant contends that the trial court erred by denying his motions for "not being in the right form." However, Appellant has not identified which of his motions to which he is referring, and his brief does not cite the motions in the appellate record for which he seeks appellate review. Consequently, Appellant's briefing does not meet the minimum required to present an issue or argument for appellate review. *See* TEX. R. APP. P. 38.1(i) (Briefs must contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.")

Appellant is perhaps attempting to address his efforts to subpoena the records of the Comanche Police Department because the trial court noted that it agreed with the Department's contention that Appellant's subpoena was not in the right form. In this regard, Appellant issued a subpoena for the Department "[t]o produce all work record of Ernest Hastings while in your employment whether good or bad to speak on behalf of [Appellant]." Prior to the time for compliance, the Department filed objections, a motion to quash, and a motion for protective order with respect to the subpoena. Then, at trial, the trial court noted that it agreed with the Department's contention that the subpoena was not in proper form, and it granted the Department's motion to quash the subpoena.

We first note that the trial court's ruling on the Department's motion was unnecessary because the filing of an objection or a motion for a protective order before the time for compliance excuses the party from having to comply with the subpoena. *See* TEX. R. CIV. P. 176.6(d), (e). In other words, it was Appellant's

6

burden to obtain a ruling on the Department's objections and motion for protective order. *See id.* Furthermore, a claim that the trial court improperly quashed a subpoena is reviewed for an abuse of discretion. *See Muennink v. State*, 933 S.W.2d 677, 684 (Tex. App.—San Antonio 1996, writ ref'd). To the extent that Appellant's subpoena did not comply with the applicable rules, the trial court did not abuse its discretion by quashing it. Finally, Appellant has not shown how the trial court's ruling on the subpoena contributed to an improper judgment in light of the basis for the trial court's termination of Appellant's parental rights as discussed below with respect to Appellant's tenth issue. S*ee* Tex. R. App. P. 44.1(a)(1). Accordingly, we overrule Appellant's second issue.

In his third issue, Appellant asserts that the trial court abused its discretion when it asked the mother if she was ready to proceed, but then did not ask Appellant if he was ready. Appellant appears to be contending that if the trial court had asked him if he was ready, he would have replied in the negative. Here, the trial court may very well have asked Appellant if he was ready, but Appellant interrupted the trial court after it asked the mother if she was ready.

The practical effect of the trial court asking a party for an announcement of ready is to foreclose a motion for continuance after an unconditional announcement of "ready." *See Reyna v. Reyna*, 738 S.W.2d 772, 775 (Tex. App.—Austin 1987, no writ). Here, Appellant did not suffer harm because the trial court permitted him to present a motion for continuance before the presentation of evidence.[3] In doing so, Appellant essentially announced that he was not ready. Accordingly, we overrule Appellant's third issue.

Appellant's fourth issue is essentially the same as his first issue—he contends that the trial court abused its discretion under Rule 609(e) when it overruled his objection to the admission of his conviction for indecency with a child by contact

---

[3]On appeal, Appellant does not challenge the denial of the motion for continuance.

because his appeal was pending. Our disposition of Appellant's first issue also applies to his fourth issue. We overrule Appellant's fourth issue.

In his fifth issue, Appellant asserts that the trial court erred by admitting the indictment and judgment of conviction arising from his April 1, 2022, conviction for retaliation. He contends that the trial court erred by overruling his Rule 404(b) objection to these documents. *See* TEX. R. EVID. 404(b). Evidence 404(b) provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." *Id.* However, Rule 404(b) further provides that the evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id.* Thus, Rule 404(b) precludes character conformity evidence, but it does not prohibit evidence to establish some other purpose. *See Serv. Corp. Intern. v. Guerra*, 348 S.W.3d 221, 235 (Tex. 2011).

Much like with our previous analysis under Rule 609(e), evidence of Appellant's indictment and conviction for retaliation was not offered to show that he acted in conformity with the conduct leading to the conviction, but rather it was relevant to establish independent grounds for termination under Section 161.001(b)(1)(E) and (Q). *See In re J.T.G.*, 121 S.W.3d 117, 133 (Tex. App.—Fort Worth 2003, no pet.) (evidence of criminal behavior, convictions, and imprisonment was relevant and probative to establish ground for termination under Section 161.001(1)(E)). Moreover, this evidence was probative to the issue of whether termination of Appellant's parental rights was in A.C.R.'s best interest. *See In re V.V.*, 349 S.W.3d 548, 557 n.3 (Tex. App.—Houston [1st Dist.] 2010, pet. denied) (extraneous offense evidence was relevant to the trial court's determination of the best interest of the child). Accordingly, the trial court did not err by overruling

Appellant's Rule 404(b) objection to Appellant's indictment and conviction for retaliation. We overrule Appellant's fifth issue.

Appellant asserts in his sixth issue that the trial court erred by allowing Investigator Hastings to testify about a criminal case that was currently under appeal. He contends that this testimony violated Rules 404(b) and 609(e). Appellant's assertion is essentially the same as we previously addressed in his first, fourth, and fifth issues. Our resolution of those issues is dispositive of his sixth issue. We overrule Appellant's sixth issue.

In his seventh issue, Appellant asserts that the trial court erred by overruling his hearsay objection to Investigator Hastings's testimony concerning the statements made by Appellant's older daughter with respect to Appellant's conduct that led to his conviction for indecency with a child by contact. The trial court initially overruled Appellant's hearsay objection. Afterwards, the trial court made the following statement: "Let me just state for the record, there were some statements made during his last time that were hearsay. I am not going to consider those for purposes of judgment." Thus, the trial court later sustained Appellant's hearsay objection. In this regard, "[i]n a bench trial, we presume that the trial court, sitting as the fact finder, disregarded any improperly admitted evidence." *Kenny v. Portfolio Recovery Assocs., L.L.C.*, 464 S.W.3d 29, 32 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (internal quotation marks omitted). Accordingly, we overrule Appellant's seventh issue because it presents nothing for our review.

In his eighth issue, Appellant contends that the trial court erred when it did not consider his oral motion. However, as was the case with Appellant's second issue, Appellant does not identify the particular oral motion that he contends that the trial court erred by not considering. Accordingly, Appellant has not presented any matter for our consideration on appeal by way of his eighth issue. *See* TEX. R. APP. P. 38.1(i).

To the extent that Appellant is complaining in his eighth issue about the trial court's refusal to either re-try or set aside his criminal conviction, we note that Appellant has not cited any authority, and we are aware of none, which would permit a retrial of Appellant's criminal conviction for indecency with a child by contact by virtue of the record developed in a parental termination proceeding. To the contrary, there is authority that the issue of a parent's guilt in a criminal proceeding cannot be relitigated in a parental termination proceeding. *R.F. v. Tex. Dep't of Family & Protective Services*, 390 S.W.3d 63, 72 (Tex. App.—El Paso 2012, no pet.), *abrogated on other grounds by Interest of Z.N.*, 602 S.W.3d 541 (Tex. 2020); *see In re A.H.L., III*, 214 S.W.3d 45, 56 (Tex. App.—El Paso 2006, pet. denied) (no authority for a collateral attack on a final conviction in a parental termination case). As we previously noted, we have affirmed Appellant's criminal conviction and the Texas Court of Criminal Appeals has denied his petition for discretionary review. We overrule Appellant's eighth issue.

In his ninth issue, Appellant contends that the trial court erred by not allowing him an opportunity to make an opening statement at the bench trial.[4] However, Appellant did not request an opportunity to make an opening statement. As such, Appellant waived any complaint about not making an opening statement. *See* TEX. R. APP. P. 33.1(a); *In re L.M.I.*, 119 S.W.3d 707, 708 (Tex. 2003) "[A]dhering to our preservation rules [in a parental termination case] isn't a mere technical nicety; the interests at stake are too important to relax rules that serve a critical purpose."); *In re A.L.E.*, 279 S.W.3d 424, 431 (Tex. App.—Houston [14th Dist.] 2009, no pet.) ("Requiring parties to preserve their complaints in family-law cases furthers the legislative intent that such cases be resolved expeditiously and with finality."); *see also Robles v. State*, 104 S.W.3d 649, 652 (Tex. App.—Houston [1st Dist.] 2003, no

---

[4]The trial court also did not provide the mother with an opportunity to make an opening statement.

pet.). Furthermore, Appellant does not assert that he suffered harm by not being able to make an opening statement. Accordingly, we overrule Appellant's ninth issue.

Appellant asserts in his tenth issue that the trial court abused its discretion when it "did not allow" two recorded interviews. The recorded interviews involved A.C.R. being interviewed by the Children's Advocacy Center. Appellant is incorrect in his assertion that the trial court "did not allow" the recorded interviews. To the contrary, the trial court watched the recorded interviews in chambers as requested by Appellant. Furthermore, Appellant has not shown how he was harmed by the trial court's actions with respect to the recorded interviews. To successfully challenge an evidentiary ruling, an appellant must usually show that the judgment turns on the particular evidence. *See City of Brownsville v. Alvarado*, 897 S.W.2d 750, 753–54 (Tex. 1995). The matters that A.C.R. discussed with the Children's Advocacy Center did not affect the trial court's decision to terminate Appellant's parental rights. After the trial court watched the recorded interviews, it announced that it was not basing its decision on the recorded interviews, but rather on Appellant's conviction for indecency with a child by contact with respect to S.R. Specifically, the trial court announced:

> I do want to make a record that as far as any allegations of sexual inappropriate - - sexually inappropriate conduct with [A.C.R.], there is substantial evidence, but not clear and convincing evidence, I am not making any findings based upon any alleged conduct with [A.C.R.] - - this is solely based upon the A and B[5] with [S.R.] - - and that he is therefore a danger to any other children that he might have.

Accordingly, we overrule Appellant's tenth issue.

In his eleventh issue, Appellant appears to be asserting a similar argument as presented in his tenth issue because he is asserting that the trial court should have

---

[5]The trial court's reference to "A" and "B" were apparently to the manner in which the mother pleaded the grounds for termination. With respect to the statutory grounds, the trial court was referring to Section 161.001(b)(1)(D) and (E) of the Family Code.

permitted a recording of Investigator Hastings interviewing A.C.R. As was the case with Appellant's tenth issue, the record does not show harm to Appellant with respect to the recorded interviews pertaining to A.C.R. because the trial court announced that it was not making its decision to terminate Appellant's parental rights to A.C.R. based on any conduct involving A.C.R. We overrule Appellant's eleventh issue.

In his twelfth issue, Appellant contends that the trial court "took over being [the mother's] attorney." Appellant bases his contention on a situation wherein he was questioning the mother on cross-examination. Appellant was trying to ask the mother "who coached [S.R.] in to changing her testimony" in the criminal trial. To do so, he used a single page from the reporter's record in the criminal case. The trial court noted that "about half the page or more" had been marked out, presumably by Appellant and that it did not indicate who was testifying. The trial court asked Appellant what witness was testifying at the time in the criminal case, to which he replied that his defense attorney was questioning S.R. The trial court later stated, "I don't know what this exhibit has to do with this witness," and "[t]hat question is asked and answered."

All parties have a right to a fair and impartial trial before a neutral judge. *See Markowitz v. Markowitz*, 118 S.W.3d 82, 86 (Tex. App.—Houston [14th Dist.] 2003, pet. denied). It is only in the rarest circumstances, however, that judicial rulings demonstrate the degree of favoritism or antagonism necessary to show that a fair and impartial trial was not possible. *Id.* at 87. We presume the trial judge was neutral and detached "in the absence of a clear showing to the contrary." *See Earley v. State*, 855 S.W.2d 260, 262 (Tex. App.—Corpus Christi–Edinburg 1993, no pet.).

"[T]he discretion vested in the trial court over the conduct of a trial is great." *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 240 (Tex. 2001) (per curiam) (citing *Schroeder v. Brandon*, 172 S.W.2d 488, 491 (Tex. 1943)). "A trial court has the authority to express itself in exercising this broad discretion." *Id.* at 240–41.

12

"Further, a trial court may properly intervene to maintain control in the courtroom, to expedite the trial, and to prevent what it considers to be a waste of time." *Id.* at 241 (citing *Hoggett v. Brown*, 971 S.W.2d 472, 495 (Tex. App.—Houston [14th Dist.] 1997, no pet.). As explained by the Fourteenth Court of Appeals:

> Although the trial judge should not act as an advocate, his role is more than that of an umpire. For the purpose of eliciting evidence that has not otherwise been brought out, the judge may put competent and material questions to a witness, and where anything material has been omitted, it is sometimes his duty to examine a witness.

*Born v. Virginia City Dance Hall & Saloon*, 857 S.W.2d 951, 957 (Tex. App.—Houston [14th Dist.] 1993, writ denied) (internal citations omitted).

Reversible bias or partiality is shown if the judge's conduct shows "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Dow Chem.*, 46 S.W.3d at 240 (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). The trial court also should not "become so entangled in questioning witnesses as to become an advocate for one of the parties, thereby precluding the rendition of objective findings." *Cason v. Taylor*, 51 S.W.3d 397, 405 (Tex. App.—Waco 2001, no pet.) (citing *In re R.P.*, 37 S.W.3d 76, 79 (Tex. App.—San Antonio 2000, no pet.)). Here, the record does not demonstrate that the trial court acted with favoritism or partiality, but rather it was reasonably exercising its authority to control the orderly conduct of trial. As the trial court noted, Appellant presented the mother with a single page of the reporter's record from the criminal case with a great deal of the dialogue marked out. The trial court acted within its discretion to ascertain details about the exhibit and to maintain the orderly presentation of evidence. Moreover, we observe that the trial court afforded a great deal of patience and respect towards Appellant during the entirety of the trial. We overrule Appellant's twelfth issue.

In his thirteenth issue, Appellant asserts that the trial court permitted Investigator Hastings to present perjured testimony. Appellant is essentially

asserting that Investigator Hastings gave an answer in the trial upon remand that conflicted with his testimony in the prior termination trial. The topic of discussion concerned what Appellant may have admitted to Investigator Hastings with respect to the conduct leading to his conviction for indecency with a child by contact.

The existence of inconsistencies in the evidence, without more, does not mean that a witness gave false testimony. *See Ex parte De La Cruz*, 466 S.W.3d 855, 871 (Tex. Crim. App. 2015). The factfinder is the sole judge of the credibility of the witnesses and the weight to be given their testimony, has a right to resolve any conflicts in the evidence, and to choose which testimony to believe. *City of Keller v. Wilson*, 168 S.W.3d 802, 819 (Tex. 2005). Here, the record does not demonstrate that the trial court permitted perjury to occur. To the extent that there were inconsistencies in Investigator Hastings's testimony, we defer to the trial court's resolution of those conflicts. *See id.* Furthermore, Appellant's presentation of this issue is another impressible attempt by him to collaterally attack his criminal conviction in the parental termination case. We overrule Appellant's thirteenth issue.

Appellant's fourteenth issue is similar to his twelfth issue because it involves another allegation that the trial court became the attorney for the mother. Once again, it involved Appellant's use of pages from the reporter's record in the criminal case to question a witness. And once again, Appellant marked out portions of the dialogue on the pages of the record. The trial court first told Appellant not to read from the record, and then it asked Appellant what he was asking the mother by using the record of S.R.'s testimony in the criminal trial. Specifically, the trial court asked Appellant "[w]hy are you asking this witness questions about what [S.R.] said?" The trial court then stated "I am not going to allow the testimony. I will read this. But what I'm saying is that you are trying to impeach this witness, I presume, with something that [S.R.] said."

The record does not reflect that the trial court "crossed the line" of being an advocate for the mother. To the contrary, the trial court was simply trying to maintain an orderly proceeding. As noted above, the trial court informed Appellant that it would take the portion of the reporter's record into consideration. Accordingly, we overrule Appellant's fourteenth issue.

In his fifteenth issue, Appellant asserts that the trial court abused its discretion when it found in favor of the mother. He bases this contention on a response by his sister-in-law wherein she testified that she was informed by Investigator Hastings that there were inappropriate pictures taken of A.C.R. Appellant is apparently asserting that Investigator Hastings gave an inconsistent answer because he testified that he did not find any inappropriate photographs. The matter upon which Appellant bases this issue did not lead to an improper judgment because, as we have previously noted, the trial court did not base its decision to terminate Appellant's parental rights to A.C.R. based on any conduct involving A.C.R. We overrule Appellant's fifteenth issue.

Appellant asserts in his sixteenth issue that the trial court erred by denying his request for his brother[6] and Investigator Hastings to "be arrested and fined for perjury." Appellant cites no authority, and we are aware of none, that would require the trial court to grant a civil litigant's request for a witness to be arrested for perjury. We overrule Appellant's sixteenth issue.

In his seventeenth issue, Appellant contends that the trial court abused its discretion when it tried to get Appellant not to rely on the recorded interviews of A.C.R. conducted by the Children's Advocacy Center. The matter to which Appellant is referring is a discussion between himself and the trial court wherein the trial court warned Appellant that neither Appellant nor the trial court knew the

---

[6]Appellant called his brother as a witness during his case in chief. Appellant attempted to develop favorable testimony from his brother based upon his observation of Appellant and S.R. together. Appellant's brother testified that he saw Appellant mistreat his daughters and act inappropriately with S.R.

15

contents of the recorded interviews, and that they may have evidence that would be harmful to Appellant. The trial court went so far as to tell Appellant that it had "not seen evidence by clear and convincing evidence of the allegations about [A.C.R.]." Ultimately, the trial court granted Appellant's request to watch the recorded interviews. Afterwards, the trial court announced that it did not find that the contents of the recorded interviews showed by clear and convincing evidence the allegations concerning A.C.R.

The trial court did not abuse its discretion by warning Appellant about the potential of the recorded interviews to have a negative effect on his case. Furthermore, Appellant was not harmed by the warning because the trial court granted his request to view the recorded interviews. Finally, the recorded interviews played no part in the rendition of an improper judgment because of the trial court's determination that the allegations concerning A.C.R. were not established by clear and convincing evidence. We overrule Appellant's seventeenth issue.

In his eighteenth issue, Appellant asserts that the trial court abused its discretion by rendering a verdict without Appellant resting. He references his prior appeal wherein we reversed the first trial because Appellant was not permitted to present evidence. *See In re A.C.R.*, 2022 WL 2976148 at *2-3. Appellant is incorrect in his assertion and his reliance on our previous opinion. Unlike the situation in the first trial, Appellant had ample opportunity to present evidence in the trial upon remand. Moreover, Appellant rested his case prior to the trial court's verdict. First, at the close of trial, Appellant stated that he had "no more witnesses" but just "a really long argument. Closing argument." Then, after reviewing the videos discussed above, the trial court allowed Appellant to proceed with any evidence, to which Appellant replied, "Other than my closing statement, that is all I got." Next, at the end of his closing argument and before the trial court's verdict, Appellant stated, "I guess I rest." The trial court provided Appellant with ample opportunity

to present evidence and confirmed that Appellant had finished presenting evidence prior to rendering its verdict. Accordingly, we overrule Appellant's eighteenth issue.

Additionally, although not assigned as one of his eighteen issues on appeal, Appellant makes a general allegation that the evidence supporting the termination of his parental rights to A.C.R. is insufficient. He does not challenge any of the specific grounds for termination.

Only one predicate ground and a best interest finding are necessary for termination, so "a court need uphold only one termination ground—in addition to upholding a challenged best interest finding—even if the trial court based the termination on more than one ground." *Interest of M.P.*, 639 S.W.3d 700, 702 (Tex. 2022) (quoting *In re N.G.*, 577 S.W.3d 230, 232 (Tex. 2019)). The termination of parental rights must be supported by clear and convincing evidence. FAM. § 161.001(b). To terminate parental rights, it must be shown by clear and convincing evidence that the parent has committed one of the acts listed in Section 161.001(b)(1)(A)–(U) and that termination is in the best interest of the child. *Id.*

In this case, the trial court found that Appellant had committed three of the acts listed in Section 161.001(b)(1)—those found in subsections (D), (E), and (Q). Specifically, the trial court found that Appellant had knowingly placed or knowingly allowed the child to remain in conditions or surroundings that endangered the child's physical or emotional well-being, that Appellant had engaged in conduct or knowingly placed the child with persons who engaged in conduct that endangered the child's physical or emotional well-being, and that Appellant knowingly engaged in criminal conduct that has resulted in his conviction of offense and confinement or imprisonment and inability to care for the child for not less than two years from the date the petition was filed. The trial court also found, pursuant to

Section 161.001(b)(2), that termination of Appellant's parental rights would be in the best interest of the child.

To determine if the evidence is legally sufficient in a parental termination case, we review all of the evidence in the light most favorable to the finding and determine whether a rational trier of fact could have formed a firm belief or conviction that its finding was true. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005). To determine if the evidence is factually sufficient, we give due deference to the finding and determine whether, on the entire record, a factfinder could reasonably form a firm belief or conviction about the truth of the allegations against the parent. *In re C.H.*, 89 S.W.3d 17, 25–26 (Tex. 2002). We note that the trial court is the sole arbiter of the credibility and demeanor of witnesses. *In re A.B.*, 437 S.W.3d 498, 503 (Tex. 2014) (citing *In re J.L.*, 163 S.W.3d 79, 86–87 (Tex. 2005)).

With respect to the best interest of a child, no unique set of factors need be proved. *In re C.J.O.*, 325 S.W.3d 261, 266 (Tex. App.—Eastland 2010, pet. denied). But courts may use the non-exhaustive *Holley* factors to shape their analysis. *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976). These include, but are not limited to, (1) the desires of the child, (2) the emotional and physical needs of the child now and in the future, (3) the emotional and physical danger to the child now and in the future, (4) the parental abilities of the individuals seeking custody, (5) the programs available to assist these individuals to promote the best interest of the child, (6) the plans for the child by these individuals or by the agency seeking custody, (7) the stability of the home or proposed placement, (8) the acts or omissions of the parent that may indicate that the existing parent–child relationship is not a proper one, and (9) any excuse for the acts or omissions of the parent. *Id.* Additionally, evidence that proves one or more statutory grounds for termination may also constitute evidence illustrating that termination is in the child's best interest. *C.J.O.*, 325 S.W.3d at 266.

We first direct our attention to the ground for termination set out in subsection (Q) and find that it is dispositive. "[I]f the parent is convicted and sentenced to serve at least two years and will be unable to provide for his or her child during that time, the State may use subsection Q to ensure that the child will not be neglected." *Interest of J.F.-G.*, 627 S.W.3d 304, 315 (Tex. 2021). The mother had the burden to prove by clear and convincing evidence that Appellant's criminal conduct "resulted in . . . confinement or imprisonment and inability to care for [A.C.R.] for not less than two years from the date of filing the petition." FAM. § 161.001(b)(1)(Q).

The petition was filed on September 3, 2021; therefore, the mother had the burden to prove that Appellant would be confined or imprisoned until at least September 3, 2023. *See id.*; *In re H.R.M.*, 209 S.W.3d 105, 110 (Tex. 2006); *In re A.V.*, 113 S.W.3d 355, 360–61 (Tex. 2003). The retrial of the termination case began on December 8, 2022. Accordingly, fifteen months had already elapsed by the time of the retrial and Appellant remained incarcerated on his two convictions for indecency with a child by contact and retaliation. As noted previously, the mother proved that Appellant received a twenty-year sentence for the 2021 conviction for indecency with a child by contact and a nine-year sentence for the 2022 conviction for retaliation. Each of these periods of confinement were well beyond the date of the mother's petition. Because parole decisions are inherently speculative, a party seeking termination on ground (Q) need not show that there is "zero chance of early release." *See H.R.M.*, 209 S.W.3d at 108–09. Here, no evidence was adduced with respect to Appellant's parole eligibility date. We must consider the time remaining on Appellant's sentences and give due deference to the trial court's fact findings. *See id.*

We have already discussed the evidence that was offered regarding Appellant's two convictions. The mother produced clear and convincing evidence from which the trial court could reasonably have formed a firm belief that Appellant

had knowingly engaged in criminal conduct, that he was duly convicted and imprisoned for that conduct, and that his imprisonment and inability to care for the child would continue for more than two years after the date that the petition was filed. Once the Department has established that a parent's knowing criminal conduct resulted in his confinement for more than two years, the burden shifts to the parent to produce some evidence as to how he will arrange to provide care for the child during that period. *Hampton v. Tex. Dep't of Protective & Regulatory Servs.*, 138 S.W.3d 564, 567 (Tex. App.—El Paso 2004, no pet.); *In re Caballero*, 53 S.W.3d 391, 396 (Tex. App.—Amarillo 2001, pet. denied); *see H.R.M.*, 209 S.W.3d at 110. Here, Appellant did not present any evidence of any arrangements that he had made to provide care for A.C.R. during his period of incarceration. Thus, the trial court could have formed a firm belief or conviction that, due to his incarceration, Appellant would be unable to care for A.C.R. for at least two years from the date of the petition. Thus, the evidence was legally and factually sufficient to support the trial court's finding under subsection (Q).[7]

With respect to the best interest finding, Investigator Hastings offered details of Appellant's conduct with S.R. In addition to the incident that led to Appellant's conviction for indecency with a child by contact, Investigator Hastings testified about other allegations involving S.R., including that he provided her with alcohol and marihuana, had her perform handstands that allowed him to see her breasts, and that he asked her to dance like a stripper after removing her bra and panties. These activities began when S.R. was thirteen. Investigator Hastings also testified about admissions that Appellant had made when confronted by law enforcement, including that he provided alcohol to S.R., talked openly to her about sex, and that he bought

---

[7]Appellant has not challenged on appeal the findings under subsections (D) and (E). Accordingly, we are not required to review the sufficiency of the evidence supporting those findings. *See Interest of M.P.*, 639 S.W.3d at 700; *In re N.G.*, 577 S.W.3d at 235, 237; *see also In re Z.M.M.*, 577 S.W.3d 541, 543 (Tex. 2019).

her sex toys. Appellant also admitted to seeing his daughter's breasts while she showered. Investigator Hastings testified that law enforcement found whips, handcuffs, adult magazines, and sex toys in Appellant's home, and a search of his cell phone showed that Appellant had searched for "daddy/daughter incest sites."

The mother testified that she believed that termination of Appellant's parental rights to A.C.R. would be in A.C.R.'s best interest. She based her opinion on the harm suffered by S.R. at the hands of Appellant that we previously detailed. Appellant's adult son testified that he agreed with the mother that Appellant's parental rights should be terminated.[8]

Giving due deference to the trial court, we hold that, based on the evidence presented at trial and the *Holley* factors, the trial court could reasonably have formed a firm belief or conviction that termination of Appellant's parental rights would be in A.C.R.'s best interest. *See Holley*, 544 S.W.2d at 371–72. Appellant's extreme and chronic conduct with his older daughter demonstrated a future risk to A.C.R. if his parental rights are not terminated. Upon considering the record as it relates to the emotional and physical needs of the child now and in the future and the emotional and physical danger to the child now and in the future, we hold that the evidence is legally and factually sufficient to support the finding that termination of Appellant's parental rights is in the best interest of A.C.R. *See id.* We defer to the trial court's finding as to the child's best interest, *see C.H.*, 89 S.W.3d at 27, and we cannot hold in this case that the finding as to best interest is not supported by clear and convincing evidence.

Finally, Appellant requests in a "brief amendment" that we compel the trial court to retry his criminal conviction based on new evidence developed in the parental termination case. We decline to do so in this civil proceeding because it would constitute an impermissible collateral attack on Appellant's criminal

---

[8]Appellant called his son as a witness during his case in chief.

conviction.  *See R.F.*, 390 S.W.3d at 72; *A.H.L., III*, 214 S.W.3d at 56.  He also seeks us to require the trial court to give him a time reduction on the criminal conviction. We decline to do so for the same reason.

*This Court's Ruling*

We affirm the order of the trial court.

JOHN M. BAILEY

CHIEF JUSTICE

June 8, 2023

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.